Saul S. Streit, J.
This is a motion by the defendant Stadium Concerts, Inc., for an order :
(1) dispensing and relieving the defendant from complying with rale XII of the rules of this court So as not to require said defendant to serve copies of the medical reports of doctors who will or may testify on the trial; with the exception of the report of Dr. William J. Hoffman) and
(2) relieving the defendant from including in the report of the said William J, Hoffman the identification of “ those x-ray and technicians reports which will be offered on the trial ”,
The complaint contains two causes of action: the first is for conscious pain and suffering and the second for wrongful death. The complaint alleges that the deceased sustained a fracture of the left femur on July 2, 1955 and died the next morning at Knickerbocker Hospital of an embolism. The plaintiffs have served a certificate of compliance under rule XII and have stated that they do not plan to introduce any medical testimony other than the hospital records.
The defendant never obtained a physical examination of plaintiffs’ intestate during his lifetime, but the defendant contends that its investigation has disclosed that he had suffered from prostatie cancer for a long period of time and that the femur had degenerated to the point where a fracture was impending from body weight. The defendant points out that it may or will be required to call upon the trial of this action many physicians who treated plaintiffs’ intestate prior to his death in order to establish that he was in fact an advanced terminal cancer case. These doctors, says the defendant, are not of the defendant’s choosing. Likewise, the defendant contends that it will have to rely on the trial of this action on many X-ray and technicians’ reports which plaintiffs’ intestate *35 may have had taken at some time after the development of cancer. Defendant contends further that it has no way of knowing whether such physicians and technicians will be friendly, hostile, or indifferent. Defendant, however, is willing to supply the plaintiffs with a report of Dr. William J, Hoffman, who gave a hypothetical opinion based on a history of the case. Defendant says that it knows now that it will utilize the Knickerbocker Hospital and Mt, Sinai records, as well as Doctor Hoffman, but is not prepared to state at this time which of any of the other hospital reports, physicians or technicians it may call at the time of trial-
Rule XII became effective on December 19, 1958. As far back as June 17, 1958 the Justices of the Appellate Division promulgated and publicized a proposed new rule XII and requested, members of the Bar to consider the proposed change and address suggestions to the Presiding Justice,
The original proposal as published in the New York Law Journal, on June 17, 1958 read in part; Paragraph 4; “In wrongful death actions, the parties seeking recovery of damages shall serve on. all other parties, together with the note of issue, the papers set forth in subdivisions (a) and (b) of paragraph 2 hereof and. shall also comply with the other provisions hereinafter set forth,” and paragraph 2(a) provided: “ (a) Copies of the detailed medical reports of the injured’s party’s own physicians setting forth the injuries and conditions which will be claimed at the trial. ”
However, at the time that rule XII was adopted by the Appellate Division it read, and now reads; “ 4. In actions where the cause of death is an issue each party shall, serve upon ah other parties copies of the reports of all physicians whose testimony will be offered at the trial, complying with the requirements of subdivision (a) of Paragraph 2 ” (emphasis added) and subdivision (a) of paragraph 2 now reads: ‘ ‘ Copies of the. medical reports of those physicians who have previously treated or examined the party seeking recovery, and who will testify on his behalf. These shall include a detailed recital of the injuries and conditions as, to which testimony will be offered at the trial, referring to and identifying those X-ray and technicians’ reports which will be offered at the trial.”
The inference is clear that it was finally intended that “ each party, shall serve upon all other parties copies of the reports of all physicians whose testimony will be offered at the trial ’ ’ and ‘1 copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery and *36 who will testify on his behalf ’ ’. By the ‘ ‘ party seeking recovery ” in death actions is meant the deceased. The rule is not limited to physicians of the party’s own choosing.
On February 19, 1959 the rule was amended so as to exclude actions for medical or dental malpractice. There have been no changes since.
An examination of the pleadings and the affidavits submitted on this motion has simplified ithe issue as to causal relation and the cause of death. Plaintiffs will contend that a defective walk or stairway caused the decedent to fall, as a result of which he sustained a fractured femur which led to his death. The defendant will contend that the deceased was suffering from an impending fracture of the femoral neck on the left side and that he was a terminal cancer ease.
The purpose of rule XII is to provide a full disclosure of all of the available medical facts without reservation and to avoid delay and surprise.
Under the circumstances, the defendant should not and is not compelled at this moment to decide which physicians or technicians it intends to call. I fail to see any objection, however, to its disclosing what hospital records or technicians’ reports exist concerning the decedent’s prior condition. Accordingly, the motion to be relieved from complying with. rule XII is granted to the extent that within 30 days from the service of a copy of this order it serve on all parties to the action copies of such medical reports as it now possesses and intends to offer at the trial and not less than 30 days before trial it serve a supplemental report containing any additional medical reports, and the names of physicians and technicians it intends to offer and call at the trial.