Rosa F. Coffey et al., Respondents, *v.* Orbachs, Inc., Appellant.

First Department, December 22, 1964.

*Aaron Weitz* of counsel (*Bernard Helfenstein,* attorney), for appellant.

*Edward S. Minzner* of counsel (*Juron & Minzner,* attorneys), for respondents.

Valente, J. This is an appeal from an order entered pursuant to CPLR 3124 compelling discovery and inspection pursuant to a notice served under CPLR 3120.

The action is one for damages resulting from personal injuries sustained at defendant's premises. Defendant's attorney was served on April 22, 1964 with a notice seeking discovery and inspection on April 30, 1964 of six items. CPLR 3120 provides that, after the commencement of an action, any party may serve on any other party a notice " to produce and permit the party seeking discovery * * * to inspect, copy, test or photograph any specifically designated documents or any things which are in the possession, custody or control of the party served, specified with reasonable particularity in the notice ".

On April 29, 1964, one day before the date provided for in the notice for the discovery and inspection, plaintiffs' attorney communicated with the attorney for defendant to arrange for the discovery and inspection. The defendant's attorney refused to fix a time or to indicate that the items set forth in the notice would be made available.

Where a notice for disclosure is ignored, the CPLR provides two remedies to the party serving such notice. He can proceed under CPLR 3124 to obtain an order to compel disclosure. In the alternative, an application can be made under CPLR 3126 for the imposition of the penalties therein provided for a willful failure to disclose.* Plaintiffs herein proceeded under CPLR 3124 and so moved by notice of motion dated May 22, 1964.

Defendant opposed the application with an affidavit attacking the propriety of the items in the notice for discovery. Special Term granted the motion to compel discovery and inspection.

We hold that defendant's attempt to assail the propriety of the items of the notice came too late and was impermissible and inappropriate upon plaintiffs' motion under CPLR 3124.

---

* Questions have arisen as to whether a party has alternative remedies to compel disclosure under CPLR 3124 and CPLR 3126. In *Gaffney* v. *City of New York* (41 Misc 2d 1049) it was held that a party must first obtain a court order pursuant to CPLR 3124, or a direction of the court, as a condition precedent to seeking any penalties under CPLR 3126. 3 Weinstein-Korn-Miller (N. Y. Civ. Prac., par. 3126.02) takes a different view, and declares that it is not necessary to use the two steps. The subject is fully discussed in the Supplementary Practice Commentary by D. D. Siegel under CPLR 3126 (McKinney's Cons. Laws of N. Y., Book 7B, CPLR). Other Special Term decisions have followed *Gaffney*. (*Cornell* v. *Mor-Nell Development Corp.*, 43 Misc 2d 1086; *De Mone* v. *Edward Gray Corp.*, N. Y. L. J., March 18, 1964, p. 14, col. 7; *Gay* v. *Grossman*, N. Y. L. J., March 31, 1964, p. 14, col. 4.) The contrary view, which we believe to be the correct one, was adopted in *Mostow* v. *Shorr* (44 Misc 2d 733). Perhaps, as suggested by the Siegel Commentary (*supra*), the Legislature should eliminate all doubt by adding the words "pursuant to notice duly served" after the word "disclosed" in CPLR 3126.

Unlike rule 34 of the Federal Rules of Civil Procedure, CPLR 3120 permits discovery on notice rather than upon court order. Under the old Civil Practice Act and Rules of Civil Practice (§§ 324, 327; Rules Civ. Prac., rule 140) discovery and inspection, except where the particular document was referred to in a pleading or affidavit, could be had only upon an order of the court. The change in the CPLR, to permit discovery and inspection by notice, was to eliminate the necessity of court intervention to obtain this type of disclosure.

CPLR 3103 provides the procedure whereby a party may protect himself against any claimed impropriety or abuse of a discovery notice. Thus, under CPLR 3103 "[t]he court may at any time on its own initiative, or on motion of any party or witness, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device." Under the Federal rules (30, subd. [b]) a motion for a protective order must be "seasonably" made. However, under CPLR 3122 it is provided that where an objection is made to a notice of discovery and inspection served pursuant to CPLR 3120 or 3121, the party may serve a notice of motion for a protective order, specifying his objections, within five days of service of the notice. Service of such a motion automatically stays the disclosure sought. (CPLR 3103, subd. [b].)

Appellant herein did not avail himself of the procedure of moving for a protective order within the five-day period. Not only did he fail to move for a protective order, but on plaintiffs' application for an order pursuant to CPLR 3124 no attempt was made to offer any valid excuse or to show some good cause for not having applied for a protective order within the time limited by CPLR 3122.

If a party elects to ignore a notice for discovery and inspection, he does so at his peril. The purpose of providing for the service of a notice for discovery rather than obtaining an order was to eliminate court applications. Therefore the court will not countenance a disregard of a notice so served to await motions under CPLR 3124 or CPLR 3126 to obtain relief which properly should have been applied for by seeking a protective order under CPLR 3103. Motions under CPLR 3124 or CPLR 3126 cannot be permitted to be diverted into occasions for challenge to the propriety of items in a discovery notice. The whole design and purpose of the discovery provisions of the CPLR will be subverted if we are to condone inexcusable disregard of the rules by allowing a defaulting party to obtain relief — which properly should have been sought by a

protective order — when the examining party moves to enforce the penalties for ignoring the notice. We must make it abundantly clear that the only permissible method for challenging a notice for discovery is to move for a protective order, within the time limitations of CPLR 3122. Any other course would only import into the disclosure practice of the CPLR the abuses against which our courts inveighed under bills of particulars practice under the CPA. (See *Reineke* v. *LeSavoy Foundation,* 18 A D 2d 790; *Becker* v. *Paragon Supply Co.,* 285 App. Div. 991; *Block* v. *Bronstein,* 16 A D 2d 926; *Helfant* v. *Rappoport,* 14 A D 2d 764; *Curtis* v. *Curtis,* 178 Misc. 213, affd. 265 App. Div. 998.)

However, in affirming the order herein because appellant did not timely avail itself of the permissible procedure to challenge the items of the notice, we do not inferentially hold that the items, particularly items 4 and 5, are proper. These latter two items, respectively, seek a discovery and inspection of " [a]ll statements taken from agents, servants or employees of the defendant with reference to said occurrence " and " [a]ll reports made in connection with the said occurrence by the defendant, its agents, servants and/or employees ".

Only recently, in *Rios* v. *Donovan* (21 A D 2d 409) this court discussed the appropriate limits of discovery procedure in an action for personal injuries. We there pointed out that CPLR 3120 (subd. 1) requires that a proper notice for discovery must specifically designate the documents sought to be inspected with reasonable particularity. Items 4 and 5 in the notice *sub judice* fail to do this. We indicated in *Rios* (p. 414) that " proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents ". Only then can a court, upon a timely motion for a protective order, intelligently determine whether discovery should be allowed or whether the items sought will be refused as constituting the work product of an attorney or otherwise privileged. (CPLR 3101, subds. [b], [c].)

While failure of appellant to make a timely application for a protective order now halts inquiry into the propriety of items 4 and 5, we nevertheless presume that the notice to discover the documents called for in items 4 and 5, was intended to be impliedly limited by the provisions of CPLR 3101 (subds. [b], [c]), which respectively make privileged matter and the work product of an attorney unobtainable by discovery. The discovery will therefore proceed in conformance with this opinion.

The order should therefore be affirmed, with costs to respondents.

BREITEL, J. P., McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on June 12, 1964, unanimously affirmed, with $30 costs and disbursements to respondents.