Robert P. Kennedy, J.
In this wrongful death action plaintiff moves for an order compelling defendant Benderson to exchange with and deliver to plaintiff a medical report in Benderson’s possession as prepared by one Dr. Rob concerning, among other matters, plaintiff’s intestate’s cause of death or, in the alternative, for an order striking defendant Benderson’s answer for failure to produce said report, or to preclude said defendant from offering at trial Dr. Rob’s testimony or evidence contained in his records or report. Benderson opposes the application, claiming such examination and report constitute material prepared for litigation and, therefore, not subject to discovery pursuant to CPLR 3101 (subd [d]).
The affidavit submitted by Benderson on this motion, and not questioned or controverted by plaintiff, shows that Dr. Rob never treated or examined plaintiff’s intestate, but that during the course of this action he rendered a report at Benderson’s request giving his opinion concerning the causal relationship between the accident and plaintiff’s intestate’s death. Dr. Rob’s opinion is based on facts and documents supplied to him.
We are here dealing, of course, with CPLR 3101 (subd [d]) and with rule 1024.25 of the Appellate Division, Fourth De *976 partment (22 NYCRR 1024.25), which said rule, to a degree at least, seems to modify the CPLR section in question. Subdivision (d) of rule 1024.25 says, in part, "Where the cause of death is in issue, each party shall serve upon all other parties copies of the reports of all physicians who will testify, as required by paragraph (b)(1)”. Paragraph (1) of subdivision (b), in its pertinent part, says, "copies of the reports of all physicians including consultants and specialists who have previously examined or treated him in connection with the injuries for which recovery is sought, and who may be called to testify on his behalf.”
The use of the word "and” in this section indicates that two things are required before such reports have to be served: (1) that the doctor has examined or treated the claimant in connection with the injuries in issue, and (2) that the doctor may be called to testify at the trial. Since those two elements are required to trigger the delivery of the report under subdivision (d) and since, in the matter now before this court, the report at issue was made by one who may well testify at the trial, but was not made by a physician who had "previously examined or treated” plaintiff’s intestate, the rule does not compel Benderson to deliver a copy of the report to plaintiff.
If the rule used the disjunctive "or” instead of the conjunctive "and”, then the report of a physician who might be called to testify would be discoverable even though that physician had not previously examined or treated the party, as would the report of a physician who had examined or treated the party, even though that physician would not be called.
The report is, therefore, not subject to discovery pursuant to CPLR 3101 (subd [d]).
The final sentence of subdivision (d) of rule 1024.25 which states that all other parties, that is, those other than the party seeking recovery, shall serve copies of their physician’s reports, refers to the physician’s reports required by paragraph (1) of subdivision (b).
I am aware of Plottel v City of New York (23 Misc 2d 33), and, while the rule in New York County appears to be the same as rule 1024.25, I respectfully disagree with the holding in that case.
For the foregoing reasons, plaintiff’s motion is in all respects denied.