■ DENISE VAUPEL, an Infant, by Her Father and Natural Guardian, FRED VAUPEL, et al., Respondents, v CHURCH CHARITY FOUNDATION OF LONG ISLAND, Defendant, and IOAN METIANU, Appellant.—In a medical malpractice action, defendant Metianu appeals from an order of the Supreme Court, Suffolk County, entered January 29, 1975, which denied his motion (1) to vacate plaintiffs' statement of readiness and (2) to compel plaintiffs to furnish him with authorizations to permit him to obtain the office records of three certain physicians or, in the alternative, to preclude plaintiffs from offering evidence at the trial with respect to the psychiatric condition of the infant plaintiff. Order affirmed, with $20 costs and disbursements. Plaintiffs claim that defendant Metianu was negligent in the performance of a tonsillectomy and as a result the infant plaintiff suffered severe psychiatric disturbance. Pursuant to a previous order, plaintiffs have already submitted to this defendant the report of the only physician that plaintiffs intend to call at the trial in support of the claim for psychiatric injuries. Our rules of practice provide that "no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any physician whose medical reports have not been served" (22 NYCRR 672.8). Although plaintiffs consulted other physicians, the reports of those physicians were not furnished to this defendant. Consequently, as a penalty for the failure to furnish the reports of the additional treating physicians, plaintiffs are precluded from utilizing their testimony, or the results of their examinations, at the trial. We think this penalty is sufficient to insure a proper disclosure, and results in a fair balance of the interests of plaintiffs and this defendant. Rabin, Acting P. J., Margett and Christ, JJ., concur; Latham and Cohalan, JJ., dissent and vote to reverse the order and grant the motion to the extent of directing plaintiffs to deliver to appellant authorizations allowing him to obtain copies of any medical reports and office records made by the psychologist and the two psychiatrists who treated the infant plaintiff with respect to alleged psychological injuries, which plaintiffs have heretofore refused to furnish. The pleadings in this malpractice action affirmatively put in issue the infant plaintiff's mental and physical condition, thereby waiving the physician/patient privilege (cf. *Koump v Smith,* 25 NY2d 287, 294). The reports and records in question are material and necessary (cf. *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407) and are therefore subject to disclosure under CPLR 3101 since the objection of privilege is not available to plaintiffs, by reason of their waiver. The disclosure provisions of the CPLR should be interpreted liberally *(Butterman v R. H. Macy & Co.,* 33 AD2d 746, affd 28 NY2d 722). Our rule (22 NYCRR 672.8) is intended to penalize the party who refuses to serve medical reports and records, not his opponent, and it therefore does not preclude discovery in the circumstances disclosed herein.