■ DONNIE MOSES, Respondent, et al., Plaintiffs, v ETHEL WOODBURY, Appellant, et al., Defendant.—In a negligence action to recover damages for personal injuries, etc., defendant Ethel Woodbury appeals from so much of an order of the Supreme Court, Nassau County, dated April 12, 1976, as denied the branch of her motion which sought "to secure authorizations for the medical records of a Dr. Parkes", a physician who allegedly treated plaintiff Donnie Moses and who will not be called as a witness by said plaintiff. Order reversed insofar as appealed from, with $50 costs and disbursements, and the branch of appellant's motion which sought to secure authorizations for examining the records of Dr. Parkes granted. Plaintiff Donnie Moses' time to furnish said authorizations is extended until 20 days after entry of the order to be made hereon. The generally accepted liberal interpretation of CPLR article 31 compels the conclusion that the medical reports sought are material and relevant (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Inasmuch as the provisions of the CPLR take precedence over any rules of this court, it cannot be successfully contended that 22A NYCRR 672.2 is authority for denying appellant the relief which she seeks. The claim that the authorizations were already given was not raised at Trial Term and is not supported by the record on this appeal; therefore, it is not properly before this court. Martuscello, Acting P. J., Latham, Margett, Damiani and Titone, JJ., concur.

■ GLORIA NOGID, Respondent, v HENRY NOGID, Appellant.—In a matrimonial action in which the plaintiff wife had been granted a judgment of divorce, defendant appeals from stated portions of an order of the Supreme Court, Kings County, dated April 1, 1976, which resettled a prior order of the same court, dated March 9, 1976, and, *inter alia,* directed (1) the production of certain records and (2) a hearing on pending motions for upward and downward modification of the alimony and support provisions contained in the said judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. Defendant has not clearly demonstrated that the issues of support and alimony can be resolved on motion papers (see *Sarnicola v Sarnicola,* 50 AD2d 842; *Matter of Garritano v Garritano,* 49 AD2d 906). In the absence of compelling proof, a hearing is necessary (cf. *Casola v Casola,* 235 NYS2d 495). Further, the direction for further disclosure was not improper (see Domestic Relations Law, § 250; CPLR 3101; *Perse v Perse,* 52 AD2d 60). Gulotta, P. J., Hopkins, Martuscello and Suozzi, JJ., concur.