■ FRANCIS GREULING, Respondent, v ARNOLD BREAKEY, Appellant.— Order, Supreme Court, New York County, entered March 3, 1976, which denied defendant-appellant's motion to compel plaintiff-respondent to provide authorizations to examine and make photostatic copies of the medical records of two physicians who treated plaintiff-respondent, reversed, on the law, and in the exercise of discretion, the motion granted, without costs and without disbursements. Defendant-appellant, Arnold Breakey, M. D. (Breakey), rendered ophthalmological services to plaintiff from November, 1969 to January, 1972. Services included an eye operation which, plaintiff alleges, resulted in multiple injuries to her left eye necessitating a corneal transplant and resulting in a cataract and permanently diminished vision. Plaintiff brought suit. Defendant requested authorization to see the records of two other ophthalmologists who treated plaintiff before, during and after

the time defendant rendered treatment. Plaintiff failed to supply the requested authorization. On June 24, 1975, defendant formally noticed a demand for these records. Plaintiff did not respond nor take any other action. Over two months later, on September 8, 1975, defendant moved pursuant to CPLR 3124 to compel compliance with the June 24 notice. Plaintiff defended on the ground that CPLR 3121 limits defendant to a physical examination of the plaintiff and a report thereof, and to hospital records. Only in CPLR 3121 does the CPLR provide specific authorization for discovery of physicians' records. Bronx and New York County, Supreme Court Rules, 22 NYCRR 660.11 (g) allows discovery of the medical reports of doctors who will testify. That provision is not applicable because plaintiff will not call to testify the other physicians she consulted. Plaintiff concludes that CPLR 3121 and 22 NYCRR 660.11 (g) limit the general physician-patient privilege under CPLR 4504 to allow discovery of the physician's records when the physician will testify at trial, the records are that of a physician selected by the adverse party to perform an examination pursuant to CPLR 3121 (subd [a]), or they are part of a hospital record. The court below agreed and denied discovery; we reverse. A party served with a discovery notice has five days to move for a protective order (CPLR 3122). Where a notice for discovery has not been complied with, a party may proceed under CPLR 3124 to obtain an order to compel disclosure. In the alternative, the party may proceed under CPLR 3126 to, *inter alia,* preclude certain witnesses from testifying. After defendant moved to compel disclosure under CPLR 3124, plaintiff sought a protective order under CPLR 3122 claiming that defendant's request for discovery exceeded the boundaries established by CPLR 3121. While plaintiff concedes that its objection was made far beyond the CPLR 3122 time limitation, she asserts CPLR 3103, permitting a court, at any time, on its own initiative to make a protective order concerning any disclosure device, should be invoked. However, in *Coffey v Orbachs, Inc.* (22 AD2d 317), this court (p 319) came to the opposite conclusion. "If a party elects to ignore a notice for discovery and inspection, he does so at his peril. * * * the court will not countenance a disregard of a notice so served to await motions under CPLR 3124 or CPLR 3126 to obtain relief which properly should have been applied for by seeking a protective order under CPLR 3103. Motions under CPLR 3124 or 3126 cannot be permitted to be diverted into occasions for challenge to the propriety of items in a discovery notice". Defendants failed to make timely application for a protective order, thereby waiving their rights to one. "Were it not for this waiver which renders the notice unassailable in all its features, we would not require the production of certain documents * * * and would probably restrict the examination in other respects" *(Zeif v Zeif,* 31 AD2d 625, 626). In *Coffey v Orbachs, Inc. (supra),* we presumed that the notice for discovery was intended to be impliedly limited by the provisions of CPLR 3101 which make privileged matter, upon objection of a party, unobtainable by discovery. While we cannot emphasize too strongly that a party must proceed under CPLR 3122 to limit discovery, we reserve our authority to provide *sua sponte* a protective order under CPLR 3103 in rare cases involving overriding public policy issues. However, the case *sub judice* does not fall into that very narrow category. Discovery is allowed of reports and records material and necessary for the presentation or defense of an action (CPLR 3101; *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Accordingly, a party should not be permitted to assert a physical condition in seeking damages and at the same time assert the physician-patient privilege to prevent the other party from ascertaining the truth of the claim *(Koump v*

*Smith,* 25 NY2d 287). In a medical malpractice case brought for failure to diagnose and treat a cardiac condition and failure to take an electrocardiogram, the Second Department allowed discovery of an electrocardiogram of plaintiff taken by a physician other than defendant *(Josephs v Oliver,* 48 AD2d 688). However, that same court, in *Vaupel v Church Charity Foundation of Long Is.* (49 AD2d 932), in a 3 to 2 decision, refused to compel disclosure of reports of two psychiatrists and a psychologist who treated plaintiff but who would not be called by plaintiff to testify at trial. The majority found the prohibition of testimony of a physician sufficient penalty where medical reports have not been provided the other party. The dissenters, relying upon CPLR 3101 and *Allen v Crowell-Collier Pub. Co. (supra),* voted to direct plaintiffs to deliver authorizations to defendant allowing him to obtain copies of any medical reports and office records made by the other physicians. The dissent stated that the intent of Second Department rule 22 NYCRR 672.8 (to the same effect as 22 NYCRR 660.11 [g]) is "to penalize a party who refuses to serve medical reports and records, not his opponent, and it therefore does not preclude discovery in the circumstances disclosed herein." We agree with the dissent in *Vaupel.* To preclude plaintiff from calling as witnesses physicians who treated her would allow a plaintiff to use the physician-patient privilege as a sword rather than as a shield. "The legislature did not intend to continue the privilege when there was no reason for its continuance and it would simply be an obstruction to public justice" *(People v Bloom,* 193 NY 1, 10). Nor was it the intent of the Legislature to allow a party to frustrate disclosure of material and necessary medical records by the simple expedient of not calling as witnesses treating physicians whose testimony may well be detrimental to the patient's claims. By commencing the action plaintiff put in controversy her physical condition; she cannot now limit that controversy to the medical records she wishes disclosed. Concur—Birns, Lane and Nunez, JJ.; Lupiano, J. P., dissents in the following memorandum: Study of the record discloses that defendant moved by notice of motion dated September 8, 1975 "for an order pursuant to CPLR 3124, compelling the plaintiff to comply with a *notice served pursuant to CPLR 3121"* (emphasis supplied). In his affirmation in support of the motion, defendant's counsel stated that his client in this action for medical malpractice sought "compliance by the plaintiff with the Notice served pursuant to CPLR 3121". By letter dated June 2, 1975 addressed to plaintiff's counsel, defense counsel requested that the missive "serve as a formal demand" for "authorization to see the records of Arthur G. DeVoe, M.D., and Howard Schneider, M.D., with reference to their contact and treatment of Francis Greuling" and for a copy of the hospital chart of 9 East 91st Street Hospital respecting care rendered plaintiff. By notice dated June 24, 1975, defendant demanded authorizations to allow him to "consult with and make contact with Arthur DeVoe, M.D. and Howard Schneider, M.D. prior treating physicians" and for authorizations to make "photostatic copies of the office records and records of treatment, maintained by [said doctors] in connection with the treatment of the plaintiff." It is not disputed that plaintiff has provided the defendant with authorizations for hospital records. Indeed, plaintiff's counsel unequivocally states that plaintiff will supply any other hospital authorizations specified by the defendant and will submit to a physical examination upon request in accordance with the CPLR. Succinctly stated, in this medical malpractice action defendant doctor seeks to compel plaintiff to authorize his consulting with and obtaining copies of the office records and records of treatment by other physicians who treated plaintiff prior to, contemporaneous with or

subsequent to defendant's treatment which is the basis of the malpractice action. CPLR 3124 permits defendant to move to compel disclosure "If a person, *without having made timely objection* * * * fails *to submit to* or produce a person for *an examination as provided by section 3121, or fails to exchange reports as provided in subdivision (b) of section 3121"* (emphasis supplied). Consequently, in order to obtain relief under CPLR 3124, it is incumbent upon defendant to show that plaintiff not only failed to make timely objection to defendant's notice served pursuant to CPLR 3121, but that plaintiff failed to submit to an examination or to exchange reports as provided for by that section. Patently, defendant has failed to fulfill the latter requirement for the simple reason that CPLR 3121 does not authorize the disclosure sought by defendant. CPLR 3121, entitled "Physical or mental examination", provides, insofar as here pertinent, that after commencement of an action in which the physical condition of a party is in controversy, any party may serve notice on another party to submit to a physical examination by a designated physician and that a copy of the report of the examining physician shall be delivered by the party seeking the examination to any other party requesting to exchange therefor a copy of each report in his control of an examination made with respect to the physical condition in controversy. Further, 22 NYCRR 660.11 of the Rules of the Supreme Court, New York and Bronx Counties, provides for exchange of medical reports of those physicians who have previously treated or examined the party seeking recovery and who will testify on his behalf "In all actions in which recovery is sought for personal injuries, disability or death, *except actions for medical* or dental *malpractice"* (emphasis supplied). No basis being afforded to defendant under the CPLR or court rules for the particular manner by which he seeks the instant disclosure, he cannot justify his claim to compel same by the expedient of observing that plaintiff did not make timely objection; that is, did not seek a protective order, until the defendant's motion to compel pursuant to CPLR 3124. There is no solace for defendant in the rationale of *Coffey v Orbachs, Inc.* (22 AD2d 317). In that case it is clear that the party seeking disclosure had complied with the mandate of CPLR 3124. It stands for the proposition that a party seeking to dispute the items in a notice for discovery or to claim abuse of such notice served pursuant to CPLR 3120 or 3121 should avail himself of moving for a protective order pursuant to CPLR 3122 or face rigid application of CPLR 3124 in the absence of a valid excuse or a showing of good cause for not having applied for a protective order within the time limited by CPLR 3122. As defendant, although nominating his original notice as one pursuant to CPLR 3121, is seeking disclosure not authorized by said provision and indeed not otherwise authorized in this manner, the provisions of CPLR 3122 and 3124 are not called into operation and may not be relied on by defendant. Finally, it is well recognized that under CPLR 2004 and 3103 the court may prevent abuse at any time of the use of any disclosure device. The instant matter presents an unequivocal and blatant abuse of a disclosure device which cannot be countenanced. To hold otherwise is to torture the statutory provisions regulating disclosure devices and to create "bad" precedent. The order of the Supreme Court, New York County, entered March 3, 1976, denying defendant's motion to compel plaintiff to provide authorizations to examine and make copies of medical records of two other physicians who treated plaintiff, should be affirmed, with costs and disbursements. Settle order on notice.