OPINION OF THE COURT
Bernard F. McCaffrey, J.
The question presented in this matter is similar to the issue recently determined by both the First and Second Departments, and involves a dramatic expansion of pretrial discovery and production proceedings relating to medical reports of doctors who have treated the plaintiff, even though the plaintiff does not intend to call those doctors as witnesses.
Thus, this motion by plaintiff for a protective order and cross motion of defendant, Dr. Singh, for an order compelling disclosure and an order of preclusion, are determined as may be noted below.
This action was instituted to recover damages for wrongful death and pain and suffering resulting from the negligence and malpractice of the defendants. The defendant, Singh, *99 served a notice pursuant to CPLR 3121 requiring plaintiff to furnish defendant with "records of all physicians who have treated the plaintiff for any of the conditions complained of herein”, in addition to authorizations to obtain copies of hospital records. The plaintiff has no objection to the furnishing of authorizations to obtain copies of hospital records, but now seeks a protective order directed at the furnishing of records of the decedent’s treating physicians.
It is well established that a plaintiff shall provide "copies of the medical reports of those physicians who have previously treated or examined the party seeking recovery, or as the case may be, the decedent in an action to recover damages for causing death, and who will testify on his behalf.” (22 NYCRR 672.2 [a].) Further, under 22 NYCRR 672.4 [Procedure when cause of death is in issue] "In actions where the cause of death is an issue each party shall serve upon all other parties copies of the reports of all physicians whose testimony will be offered at the trial”. The penalty for failure to adhere to the rules is that "no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any physician whose medical reports have not been served”. (22 NYCRR 672.8.)
In Vaupel v Church Charity Foundation of Long Is. (49 AD2d 932), the court concluded: "consequently, as a penalty for the failure to furnish the reports of the additional treating physicians, plaintiffs are precluded from utilizing their testimony, or the result of their examinations, at the trial.” From this decision it has been inferred that a party need only provide medical reports of doctors whom they intend to call as witnesses in accord with court rules.
However, that inference can no longer be drawn, at least in the First and Second Departments, and though the rule remains in full effect it is limited to penalizing a party who refuses to serve the required medical reports of doctors that he intends to call at trial, but it does not serve as a basis to preclude his opponent from obtaining discovery of medical reports of treating physicians.
In this respect the court notes the recent decision of the Appellate Division, Second Department, in Moses v Woodbury (54 AD2d 961) which held that the provisions of the CPLR take precedence over the rules of this court and all medical reports, if necessary and material under the liberal interpreta-
*100 tion of CPLR article 31, are to be made available. (Allen v Crowell-Collier Pub. Co., 21 NY2d 403.)
Thus, a plaintiff cannot preclude disclosure of medical records by the simple expedient by not calling as witnesses those treating physicians whose reports may very well be detrimental to his claim.
Furthermore, by commencing this action the plaintiff has put in controversy his physical condition and he cannot now claim the physician-patient privilege under CPLR 4504. In this respect the court notes the recent decision of the Appellate Division, First Department, Greuling v Breakey (56 AD2d 540, 542) wherein the court stated: "To preclude plaintiff from calling as witnesses physicians who treated her would allow a plaintiff to use the physician-patient privilege as a sword rather than as a shield. 'The legislature did not intend to continue the privilege when there was no reason for its continuance and it would simply be an obstruction to public justice’ (People v Bloom, 193 NY 1, 10)”.
Likewise, in this matter before the court, the plaintiff by instituting this malpractice action has directly placed into controversy the physical condition of the decedent, which may have caused the decedent to expire. The records of treating physicians are the proper subject of discovery in a malpractice action. (Newman v Searle & Co., 50 AD2d 902.)
Further, the court notes that the plaintiff in his application for a protective order contends that CPLR 3121 affords no authority for requiring plaintiff to furnish authorizations to or records of private treating physicians. While it is true that relief is sought pursuant to a section of the CPLR, which is not applicable; however, where an application has merit and may be supported by another statute, it will not be defeated upon the grounds that the wrong statute was named (CPLR 2001; Williams v Sterling Estates, 41 Misc 2d 692). Since the discovery of medical reports of treating physicians relative to the physical condition for which recovery is sought is afforded under Moses v Woodbury (54 AD2d 961, supra) the court will treat defendant’s application as one made pursuant to CPLR 3101.
In addition, treating the defendant’s notice as an application pursuant to CPLR 3101 at this time will avoid a repetition of a future determination of this matter based upon the same facts already contained in said incorrectly labeled notice.
Accordingly, the plaintiff’s motion for a protective order, is *101 denied. The plaintiff is directed to provide the defendant, within 20 days of service of a copy of the order signed herewith with notice of entry on plaintiff’s attorney, with the medical reports of the treating physicians relative to the physical condition of the decedent underlying this action.
The cross motion of the defendant compelling discovery (CPLR 3124), is denied as moot in view of the above directive. The aspect of the defendant’s motion for an order of preclusion (CPLR 3042, subd [c]), is granted to the extent that plaintiff shall be precluded from offering proof at the trial as to any matters with respect to which particulars have been demanded and not furnished, unless she serves her verified bill of particulars within 60 days after service upon her attorneys of a copy of the order signed herewith.