■ In the Matter of ANITA C. BENSON, Appellant, v ROBERT CONNELLY, Respondent. (And Another Action.)—In a support proceeding, petitioner appeals from three orders of the Family Court, Suffolk County, as follows: (1) the first, dated February 28, 1977, which, upon the stipulation of the parties in open court, *inter alia,* made provision with respect to child support and visitation, (2) the second, dated June 17, 1977, which denied a motion to vacate the order of February 28, 1977 and (3) the third, dated June 30, 1977, which denied petitioner's motion for the entry of judgment for arrears of child support, on the ground that the above-mentioned stipulation waived all arrears. Appeal from the order of February 28, 1977 dismissed, without costs or disbursements. No appeal lies from an order entered on consent. Orders of June 17, 1977 and June 30, 1977 affirmed, without costs or disbursements. Our affirmance is without prejudice to any application petitioner may make with regard to future child support. Latham, J. P., Damiani, Shapiro and Margett, JJ., concur.

■ In the Matter of JIGC Nursing Home Co., Inc., Appellant, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the State Department of Social Services to direct the Nassau and Suffolk Departments of Social Services to pay Medicaid funds to petitioner, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated September 6, 1977, which denied the application and dismissed the petition. Judgment affirmed, without costs or disbursements. The Special Term properly found, regarding the claim against the Suffolk County Department of Social Services, that petitioner had not commenced this proceeding in the nature of mandamus within four months after the date that respondents Kirby and Toia had refused petitioner's demand. Thus, the dismissal of the petition as against respondent Kirby on the basis of the Statute of Limitations (see CPLR 217) was appropriate. The Special Term also ruled that petitioner had commenced the proceeding within four months after respondent D'Elia had freshly reconsidered petitioner's demand. The Special Term found that petitioner had made a demand upon respondent Toia to take action regarding Nassau County, and that respondent Toia had neither refused nor granted that demand. The Special Term ruled that petitioner had commenced the proceeding within a reasonable time after the making of its demand. Hence, we reach the merits of that aspect of the proceeding that affects the Nassau County Department of Social Services. An examination of the applicable Federal and State regulations discloses that the petitioner has failed to qualify for reimbursement thereunder (see 45 CFR 250.30 [d] [2] [i]; 18 NYCRR 360.21 [c]; see, also, 18 NYCRR 360.20). Under these circumstances the trial court properly dismissed the petition. Mollen, P. J., Martuscello, Shapiro and Cohalan, JJ., concur.

■ In the Matter of GLENWOOD MOYD, Respondent, v CITY OF NEW YORK et al., Appellants.—Order of the Supreme Court, Queens County, dated March 2, 1977, affirmed, with one bill of $50 costs and disbursements payable jointly by appellants (see *Matter of Beary v City of Rye,* 44 NY2d 398). Martuscello, J. P., Shapiro, Cohalan and Margett, JJ., concur.