OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiffs for a protective order to vacate a notice for discovery and inspection of plaintiff’s treating physicians’ records and reports, upon the ground that the information requested is not discoverable because it was matter prepared for purposes of litigation.
The action was instituted to recover money damages for personal injury and property damage allegedly sustained by the plaintiffs in an accident that occurred on June 30, 1977 involving a motorcycle owned by plaintiff Richard Baker and one owned by defendant David Younts.
*133 The defendant served a notice of discovery and inspection pursuant to CPLR 3101, requiring plaintiff to furnish defendant with "any and all reports of plaintiffs attending physicians concerning the injuries allegedly sustained in the accident mentioned and described in plaintiffs complaint.”
The plaintiff contends that the notice is objectionable because it seeks production of material privileged by CPLR 3101 (subd [d]); that is, medical reports prepared upon request of the plaintiffs attorneys for the purpose of preparing the case for trial.
This court cannot agree with the contention of the plaintiff. Certainly this material (reports of attending physicians) is not prepared solely for litigation. The plaintiff did not treat with his attending physicians for the injuries sustained in the accident solely because he wanted to commence a lawsuit or one was contemplated, but because his injuries required medical treatment at the time.
Further, the generally accepted, liberal interpretation of CPLR article 31 compels the conclusion that the medical reports sought are material and relevant (Allen v Crowell-Collier Pub. Co., 21 NY2d 403; Moses v Woodbury, 54 AD2d 961; Greuling v Breakey, 56 AD2d 540, 541). Accordingly, a party should not be permitted to assert a physical condition in seeking damages and at the same time assert the privilege of material prepared for litigation (CPLR 3101, subd [d]) to prevent the other party from ascertaining the truth of the claim (Koump v Smith, 25 NY2d 287).
Therefore, the plaintiffs’ motion for a protective order is denied, and the plaintiffs are directed to provide the defendant with the medical reports as requested (see Hall v Saratoga Hosp., Supreme Ct, Schenectady County, June 26, 1978, Quinn, J.).