■ MILDRED BREWER, as Administratrix of the Estate of CYNTHIA BUTLER, Deceased, et al., Respondents, v JAMAICA HOSPITAL et al., Defendants. JAMAICA HOSPITAL, Defendant and Third-Party Plaintiff-Appellant, v CITY OF NEW YORK et al., Third-Party Defendants. JAMAICA HOSPITAL, Third-Party Plaintiff, v BOHDAN DOBIAS, Third-Party Defendant.—Order of the Supreme Court, New York County, entered March 7, 1979, granting defendant's motion to obtain authorizations from plaintiff to review hospital and clinic records of plaintiff's decedent for the period of two years preceding decedent's death, but denying so much of the motion as sought to obtain doctors' reports concerning the injuries allegedly sustained by the decedent, unanimously modified, on the law and on the facts, and in the exercise of discretion, without costs or disbursements, so as to provide as follows:

Plaintiff is directed to furnish defendant with authorizations to obtain copies of hospital, clinic and doctors' records of treatment to plaintiff's decedent at the hospitals and places specified in the notice and to produce any available doctors' reports relevant to the injuries allegedly sustained by the decedent, and, as so modified, the order is affirmed. The notice was given and the motion herein was made by defendant pursuant to CPLR 3121 to obtain authorizations to inspect relevant hospital and doctors' records and for production of any existing doctors' reports. Plaintiff, having instituted this malpractice action, has placed in issue the physical condition of the decedent (see *Koump v Smith,* 25 NY2d 287, 292, 294; *Newman v Searle & Co.,* 50 AD2d 902). Accordingly, the hospital records and records and reports of the treating physicians are proper subjects of disclosure *(Greuling v Breakey,* 56 AD2d 540; *Moses v Woodbury,* 54 AD2d 961). The request for disclosure need not be limited to the hospital confinement directly involved in this case *(Greuling v Breakey, supra,* pp 541-542; *Myers v Schneider,* 59 AD2d 736) or to any arbitrary period (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403; *Greuling v Breakey, supra,* pp 541-542). Moreover, plaintiff's failure to move for a protective order within five days after the service upon her of defendant's notice constituted a waiver of any defects of deficiencies in the notice (see *Koump v Smith, supra,* p 299; *Greuling v Breakey, supra,* p 541; .*Coffey v Orbachs, Inc.,* 22 AD2d 317). Concur—Kupferman, J. P., Birns, Silverman, Ross and Lynch, JJ.