OPINION OF THE COURT
Leonard A. Weiss, J.
This is a motion brought by defendant Boston and Maine *578 Railroad pursuant to CPLR 3121 and 3124 seeking an order directing plaintiffs to producé duly executed and acknowledged authorizations permitting it to obtain medical records of certain specified physicians who treated plaintiff Catherine J. Ricciuti, and for an order pursuant to CPLR 3126 dismissing the complaint in the event plaintiffs fail to comply with such order, if the same be granted by this court. In the underlying action plaintiffs seek money damages for personal injuries and medical expenses arising out of an accident which occurred on August 29, 1975. Plaintiffs resist the motion urging such medical reports are privileged and comprise material prepared for litigation, thus not subject to discovery.
The issue presented has given rise to voluminous motion practice confronting Judges at Special Terms with regularity. This court has sought to reconcile principles delineated by each of the four Appellate Divisions and the Court of Appeals all of which offer litigants varying guidelines and flexibility. In Allen v Crowell-Collier Pub. Co. (21 NY2d 403) (commercial litigation decided in 1968) the court held CPLR 3101 (subd [a]) language requiring the information sought to be material and necessary, is subject to the test that such information must be one of usefulness and reason. The court held discovery of the employer’s severance and retirement practices sufficiently related to the issues in litigation, to make efforts to obtain it in preparation for trial reasonable, compelling answers to plaintiffs’ interrogatories. In a later case in which plaintiff sought to recover damages for personal injuries allegedly suffered in a motor vehicle accident, the Court of Appeals held that by bringing or defending a personal injury suit in which mental or physical condition is affirmatively put in issue, a party waives the doctor-patient privilege which might otherwise immunize such information from discovery. (Koump v Smith, 25 NY2d 287.) The court said (p 294): "A party should not be permitted to assert a mental or physical condition in seeking damages * * * and at the same time assert the privilege in order to prevent the other party from asserting the truth of the claim and the nature and extent of the injury or condition.” Parenthetically, the court held (p 294) "[i]n light of the strong policy in favor of full disclosure unless the information sought is immunized, the burden of showing the appropriate immunity should and that the burden must be setting forth evidentiary matt ments. be on the party asserting it” met by affidavits of a person er not mere conclusory state-
*579 In a review of the holdings by the four Appellate Divisions we find variance. In the First Department in Greuling v Breakey (56 AD2d 540, 542) an action to recover damages for personal injuries alleging medical malpractice, the court held: "By commencing the action plaintiff put in controversy her physical condition; she cannot now limit that controvery to the medical records she wishes disclosed.” Following Allen v Crowell-Collier Pub. Co. (supra) the First Department held (p 541) "Discovery is allowed of reports and records material and necessary for the presentation or defense of an action”. In Bronx and New York Counties, Supreme Court Rules (22 NYCRR 660.11 [g]) allow discovery of the medical reports of doctors who will testify at trial and plaintiff having stated it opted not to call the particular physician whose reports were sought by defendant, could have in effect, stifled discovery. The court (p 542) rejected this argument and ordered discovery agreeing with the dissent in Vaupel v Church Charity Foundation of Long Is. (49 AD2d 932) a Second Department case stating "[T]o preclude plaintiff from calling as witnesses physicians who treated her would allow a plaintiff to use the patient-physician privilege as a sword rather than a shield.”
The Second Department in a November, 1976 decision in Moses v Woodbury (54 AD2d 961) held: "The generally accepted liberal interpretation of CPLR article 31 compels the conclusion that the medical reports sought are material and relevant (see Allen v Crowell-Collier Pub. Co. 21 NY2d 403). Inasmuch as the provisions of the CPLR take precedence over any rules of this court, it cannot be successfully contended that 22A NYCRR 672.2 is authority for denying appellant the relief she seeks.” Thus, the report of a treating physician who plaintiff elected not to call as a witness upon the trial and thereby sought to immunize pursuant to Second Department rules, was held discoverable.
In the Fourth Department in Kaza v Gardner (65 AD2d 958), that court rejected an attempt to immunize medical reports from the Cleveland Clinic from discovery by imposing 22 NYCRR 1024.25 (election not to call as a witness upon trial) and ordered disclosure pursuant to CPLR 3121.
Here in our Third Department, in October, 1979, Ciembroniewicz v Madigan Mem. Hosp. (72 AD2d 653) Special Term’s denial of a protective order in an action seeking money damages for personal injuries in a medical malpractice case was reversed. Defendant served a discovery notice seeking *580 copies of any and all reports in the possession of plaintiff or his attorney of reports of physicians who treated, examined or consulted with plaintiff with rpspect to the injuries mentioned and described in the complaint and bill of particulars, as well as authorization to defendant to examine and copy all such reports, etc. Plaintiff opposed claiming the notice was too broad and ambiguous and that the materials sought were attorney’s work product, prepared for litigation, and not in plaintiff’s possession. The Third Department rule would appear from the recitation (p 654): "It is clear that the discovery notice here is so broad and general as to make it impossible to determine whether the items sought are excluded from disclosure under CPLR 3101. Both I CPLR 3120 and 3121, the two provisions which served as the basis of defendant’s discovery notice, require speciñcity when requesting the disclosure of materials. This requirement of speciñcity is not met by the use of the phrase 'any and all’ (City of New York v Friedberg & Assoc., 62 AD2d 407; Verini v Bochetto, 49 AD2d 752). Defendant should use the examination before trial and other disclosure devices to identify the specific documents it wishes to discover”. (Citations omitted; emphasis supplied.) Therefore, it appears clear the Third Department has applied specificity of items sought to be discovered as its criteria in whether to sustain a notice of discovery or not. There remains however the inconsistency existing in tlie Third Department created by its practice rule (22 NYCRR 861.17) which states: "A pre-trial conference shall be held in each case by the justice presiding or, if there is more than one trial part, by the justice presiding at part I. Only attorneys fully authorized to make binding stipulations shall participate in pre-trial conferences. Counsel shall submit copies of all pleadings, bills of particulars, and medical reports. Such medical reports shall be exchanged at the discretion of the justice presiding. Compromise agreements shall be reduced to writing or shall be enforceable as though stenographically recorded, and made between counsel in open court.” (Emphasis added.) A literal interpretation of this rule would defer at least in this Department, the right to obtain copies of pertinent medical reports and records to the eve of trial thereby precluding opportunity to adequately prepare to meet such evidence upon a trial. Reconciliation of this rule with the broad scope of disclosure must be made. CPLR article 31 which governs disclosure starts right out in the first sentence of CPLR 3101 (subd [a]) "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof’. *581 Subdivisions (b), (c) and (d) provide for the protection required to exempt certain classifications of materials from the broad scope of disclosure (privileged matter, attorney’s work product, and material prepared for litigation) which CPLR 3111 authorizes. The procedure for invoking the claimed exemption(s) is provided in CPLR 3103 (subd [a]) by seeking a protective order. The myriad motion practice existing currently in which either protective orders under CPLR 3103 (subd [c]), or pursuant to CPLR 3120 to compel discovery and inspection, attest to the lack of clarity confronting the Bar concerning the propriety of production of medical reports and records of litigants in personal injury actions. Both the Bench and Bar would welcome a clear and distinct statute, rule, or highest court determination which specifically set forth uniform requirement (or lack thereof) applicable to the discovery of such reports and records. In the present posture, each Special Term Justice must research all authorities repeatedly upon motions brought seeking such discovery.
In the application of the principles delineated in this decision, the court finds the motion must be granted. The reports sought are material and necessary in the defense of the action (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, supra); the exemption of CPLR 3101 (subd [b]) is waived (Koump v Smith, 25 NY2d 287; Greuling v Breakey, 56 AD2d 540, supra); the options not to call treating physicians as witnesses thereby excluding such medical reports from discovery do not exist in the Third Department (cf. Greuling v Breakey, supra; Moses v Woodbury, 54 AD2d 961, supra; Kaza v Gardner, 65 AD2d 958, supra); reports of attending physicians who examined and treated plaintiff are not exempt under CPLR 3101 (subd [c]) as attorney’s work product (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.44, p 31-114; 7 Carmody-Wait 2d, NY Prac, § 42:60; Baker v Younts, 96 Misc 2d 132); nor are such reports exempt under CPLR 3101 (subd [d]) as material prepared for litigation (Duerr v Star Supermarkets, 81 Misc 2d 975; Kenford Co. v County of Erie, 55 AD2d 466; Baker v Younts, supra); and the demand contains specific items sufficient to comply with existing requirements (Ciembroniewicz v Madigan Mem. Hosp., 72 AD2d 653, supra).
Finally, the court notes authority for its determinations in a most recent decision of the Appellate Division, Second Department, in the case of Zimmerman v Nassau Hosp. (76 AD2d 921).