OPINION OF THE COURT
Gerard M. Weisberg, J.
This claim arises out of alleged wrongful acts committed by the defendant State of New York during the delivery and birth of the infant Kawther Yafei at Downstate Medical Center. Depositions have taken place and claimants are now moving for discovery and inspection of certain records and documents. In opposition, the defendants contend, inter alia, that the motion is defective because the claimants made no prior request for the items sought in the form of notice of discovery. The question before this court is whether such preliminary notice is necessary before a claimant may move for an order compelling discovery and inspection.
Under the old Civil Practice Act and Rules of Civil Practice (Civ Prac Act, §§ 324, 327; Rules Civ Prac, rule 140), discovery and inspection, except where a particular document was referred to in a pleading or affidavit, could be had only upon an order of the court. However, under the *905 CPLR, such disclosure is now generally permitted by mere notice. This change, noted the First Department, “was to eliminate the necessity of court intervention to obtain this type of disclosure.” (See Coffey v Orbachs, Inc., 22 AD2d 317, 319.)
Despite the liberalization brought about by the enactment of CPLR 3120, court intervention is still necessary in the first instance when disclosure is sought from the State. As indicated in CPLR 3102 (subd [f]): “disclosure by the state shall be * * * obtained only by order of the court in which the action is pending”. Thus, preliminary notice, in this particular instance, would be of no effect or significance.
Suits against the State for monetary damages may be brought only in the New York State Court of Claims (see Sinhogar v Parry, 53 NY2d 424, 431), and procedure therein would be governed by both the CPLR and the Court of Claims Act. To the extent that they differ, this court must consider the provisions of the Court of Claims Act. (See CPLR 101; Court of Claims Act, § 9, subd 9.) However, a review of the latter reveals no requirement that preliminary notice be issued before an application is made for the type of order sought herein. As such, we can only assume that there was no intent on the part of the Legislature to make such notice a condition precedent to a motion in this court for discovery and inspection.
The defendants assert, in essence, that the absence of preliminary notice and the claimants’ hasty action in seeking the intervention of the court have prevented the defendants from determining what material may be in existence and to what extent defendants would accede to discovery without dispute. The court finds this argument to be unpersuasive. As stated previously, a claimant seeking disclosure from the State has no choice with respect to the intervention of the court. However, had the claimants the opportunity to obtain disclosure by mere notice, then the opposing party would have only 10 days in which to make its objections known, in the form of a motion for a protective order (CPLR 3122). This period is clearly no greater than the amount of time which elapsed between the service of the instant motion papers and the return date of this *906 motion. Consequently, the court fails to see in what manner, if any, the defendants have been prejudiced. In addition, there is no reason to assume that the requirement of notice, as it is set forth in CPLR 3120, has not been satisfied by the service of papers that were submitted in support of this motion.
In view of the foregoing, this court is of the opinion that a preliminary notice is not necessary in this instance. The motion of the claimants is granted in part and denied in part to the extent indicated in the annexed order.