■ KATHLEEN P. FRAZIER, Appellant, v ANTHONY G. ALPHONSO et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered March 25, 1981 in Franklin County, which granted defendants' motion for disclosure. In this action, plaintiff seeks damages for personal injuries resulting from an automobile accident which occurred on September 3, 1977. Plaintiff's verified bill of particulars specified the treating physicians and dates of treatment. In response to a demand by defendants, plaintiff provided authorizations for release of the hospital records, but refused disclosure of the treating physicians' records. Defendants moved to compel disclosure pursuant to CPLR 3101, 3121 (subd [b]) and 3124. Plaintiff neither filed opposing papers nor moved for a protective order. She consented to an order compelling disclosure of "all notes, medical reports, memoranda or letters concerning the examination, diagnosis, or treatment of plaintiff by Drs. J. Federman, Jerome Davis, Poirer, Shearman, and Donald E. Goodkin for injuries received arising out of an automobile accident on September 3, 1977". It is from this order that plaintiff has appealed. The order of Special Term, except as modified, should be affirmed. No appeal lies from an order entered on consent, unless the order fails to follow the consent (*Norton & Siegel v Nolan,* 276 NY 392; *Pesola v Pesola,* 65 AD2d 787; *Matter of Benson v Connelly,* 63 AD2d 733; 10 Carmody-Wait 2d, NY Prac, § 70:24, pp 291-292; § 70:81, pp 350-351). Plaintiff has failed to show that the order departs from the agreed consent, nor has she moved to vacate or resettle the order. Any objection to the scope of disclosure should have been made in a motion for a protective order

pursuant to CPLR 3122 (*Coffey v Orbachs, Inc.*, 22 AD2d 317, 318-320). In the absence of a viable excuse, failure to move is a waiver of the objection, except as to any item which falls under an exclusionary provision of CPLR 3101 (*Matter of Handel v Handel*, 26 NY2d 853, 855; *Greuling v Breakey*, 56 AD2d 540). Plaintiff offered no viable explanation for her failure to seek a protective order. Since the subject items are neither privileged, nor material prepared for litigation (see *Hoenig v Westphal*, 52 NY2d 605, 608-609), further objection is precluded. We note, however, that since the medical records that predate the accident are not specifically referred to in the consent order, reference to Dr. Poirer, who treated plaintiff prior to the accident, should be deleted, without prejudice to a renewed notice of discovery of these preaccident records. Order modified, on the law and the facts, by deleting all references to Dr. Poirer, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.