■ NAOMI HOLLAND et al., Respondents, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Doing Business as COLUMBIA PRESBYTERIAN MEDICAL CENTER, Appellant.—Order of the Supreme Court, New York County (Fingerhood, J.), entered on November 21, 1985, which, *inter alia,* (a) directed that plaintiff Naomi Holland need not supply the name of any doctor who treated her prior to one year before the subject gynecological operation, and any doctor who treated her for a gynecological condition prior to five years before said opera-

---

tion and (b) conditioned plaintiffs' appearances at examinations before trial upon defendant's compliance with a request by plaintiffs to identify persons named in the hospital record and to state whether they still are hospital employees, and the order of the same court and Justice entered January 29, 1986 which, upon granting defendant's motion to reargue, directed that plaintiff Naomi Holland need only supply the name of any doctor who treated her for any condition during the one-year period prior to the operation and the names of all doctors who treated her for any gynecological condition during the five-year period prior to and after the operation, unanimously modified, on the law, by striking the restrictions on the questioning of the plaintiffs and, as so modified, are otherwise affirmed, without costs or disbursements.

Plaintiff-respondents contend that these orders constitute rulings directed to an examination before trial and, as such, are nonappealable, citing *Tri-State Pipe Lines Corp. v Sinclair Refining Co.* (26 AD2d 285). Defendant's motion sought to dismiss the complaint or to compel plaintiffs to appear for deposition. It was brought after the deposition of plaintiff Naomi Holland was commenced but adjourned when her attorney refused to allow her to answer questions about prior hospitalizations or treatment by other physicians. The motion papers recited this background, cited law in support of the respective arguments, and annexed the transcript of the deposition to date. In such an instance, as distinct from *Tri-State,* "where Special Term has not made any ruling on particular questions" and the orders spring from formal notices of motion and a full record, they are appealable *(Blitz v Guardian Life Ins. Co.,* 99 AD2d 404, 405).

In a medical malpractice action, the plaintiff's physical condition is in issue and a plaintiff cannot put her condition in issue by bringing suit yet insulate herself from that disclosure of her condition necessary to the defense *(see, Koump v Smith,* 25 NY2d 287; *Greuling v Breakey,* 56 AD2d 540). Such arbitrary limitations on disclosure as are imposed by these orders are unwarranted *(see, Brewer v Jamaica Hosp.,* 73 AD2d 851).

Also unwarranted was Special Term's conditioning the resumption of the deposition of plaintiffs upon defendant's complying with their request for identification of names in defendant's records and whether the named persons were defendant's employees. No request had been made. Thus, the order impermissibly empowered plaintiffs to deny disclosure to defendant by never submitting a request. Concur—Kupferman, J. P., Ross, Carro, Lynch and Rosenberger, JJ.