G. Robert Wither, J.
This is an action for damages for personal injuries sustained by the plaintiff in a motor vehicle collision on March 22, 1963. Pursuant to CPLR 3121 (subd. [a]) defendants served a notice upon plaintiff to authorize defendants to obtain and make copies of the records of plaintiff while in the Highland Hospital, Rochester, New York, “pertaining to the physical condition ’ ’ of plaintiff. Plaintiff has made this motion under CPLR 3122 for a protective order, vacating defendants’ notice insofar as it would require authorization to defendants to obtain and copy said hospital records.
The motion is made upon the ground that the purposes for which plaintiff was confined in said hospital did not relate to the injuries she sustained in said motor vehicle collision, and that plaintiff makes no claim in this action with respect to her condition, treatment or expenses while confined in the hospital. Plaintiff claims that because of the accident she suffered body bruises, neck and back strain, nervous tension and aggravation of pre-existing hypertension, and that the hospitalizations which she had before and after the accident were unrelated to and had no bearing upon these conditions.
Defendants contend that they should not be compelled to accept plaintiff’s opinion or statement that the accident aggravated her hypertension and that the hospital confinements would not in any degree shed light upon her complaints and the injuries for which she is suing.
Prior to the enactment of the CPLR a claimant had a privilege (Civ. Prac. Act, §§ 352, 354) not to divulge confidential communications between himself and his physician and not to reveal the record of his treatment in a hospital. This privilege was not waived by the institution of an action to recover damages for personal injuries until the claimant offered testimony with respect to his personal injury upon the trial of his case. (Rubin v. Equitable Life Assur. Soc. of U. S., 269 App. Div. 677.) But the court could defer the trial of plaintiff’s case until such time as he should waive his privilege and permit pretrial examinations of his doctors and hospital records. (Kriger v. Holland Furnace Co., 12 A D 2d 44, and, see, 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4504.15.) By CPLR 3121 the Legislature has provided means for a party to require another to grant pre *337 trial disclosure of physical and mental conditions, through notice of examination and demand that the claimant authorize the production and copying of the hospital records. Plaintiff recognizes this, but urges that since she makes no claim with respect to her hospitalizations, and indeed asserts that they are unrelated to the injuries she sustained in the accident, defendants are not entitled to require her to authorize the production of such hospital records for examination and copying.
CPLE 3121 (subd. [a]) provides that “ [a]fter commencement of an action in which the mental or physical condition * * * of a party * * * is in controversy, any party may serve notice on another party to submit to a physical, mental or blood examination * # *. The notice may require * * * authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition”. (Emphasis added.)
The statute is silent as to the rights or duties of the parties when a claimant, as in this case, contends that the hospital records do not relate to the physical or mental condition of which he complains, but the other party disputes the contention. In Chester v. Zima (41 Misc 2d 676, 678) the court denied plaintiffs’ application for a protective order, but limited the defendants to “ such specific hospitals and hospital records as are related to the claimed injuries.” Apparently, the court was not confronted with the question before this court, namely, whether defendants must accept plaintiff’s statement that the hospital records do not relate to plaintiff’s injuries.
Clearly, when plaintiff offers evidence upon the trial concerning her physical or mental condition as allegedly caused by the accident, the defendants will be able to obtain, examine and confront her with the hospital records in question. (Steinberg v. New York Life Ins. Co., 263 N. Y. 45; Hethier v. Johns, 233 N. Y. 370; Capron v. Douglass, 193 N. Y. 11.) No legal harm to plaintiff can be envisaged by applying CPLR 3121 (subd. [a]) in this case, and giving the defendants the opportunity to make the decision before the trial as to whether the hospital confinements were related to ailments and conditions for which the plaintiff seeks to charge the defendants. Insofar as the records are found upon examination to be immaterial, defendants will not be able to use them upon the trial; but if they are material, as above indicated the defendants may use them against the plaintiff upon the trial. To interpret CPLE 3121 (subd. [a]) as placing in the claimant the right to block pretrial examination of her hospital records by asserting that they are unrelated to the claim and immaterial could seriously curtail the value of this new *338 section; and to the extent claimant should decline for that reason to authorize examination of such hospital records, would turn the clock back to pre-CPLR days with respect to this pretrial procedure.
The court assumes that the words of the statute, “ relating to such mental or physical condition ’ ’, were placed there for a purpose; but the court may not conclude that they were meant to give a claimant the option to veto the use of this new statutory provision. The court holds, therefore, that when a dispute exists as to whether the hospital records relate to claimant’s condition, the court may resolve that dispute, on the moving papers, or on other proof if requested by the parties.
Upon the argument and papers herein, and particularly in view of the claim that aggravation of a pre-existing hypertension has resulted to the plaintiff by reason of the accident, it is held that defendants are entitled to obtain, and make copies of, the Highland Hospital records of plaintiff’s confinements therein.