■ RAE WOLFE, Respondent, v VINCENZO FAZZINI, Defendant, and GIACOMO ANGELINI, Appellant.—Order unanimously reversed, with costs, and motion granted. Memorandum: Defendant Angelini appeals from a denial of his motion, made pursuant to CPLR 3101 (subd [a], par [4]), to take the depositions of the person who served him with the summons and complaint and of the firm which employed the process server. The complaint seeks damages for alleged injuries to plaintiff when she was a passenger in defendant Angelini's automobile when it was struck by codefendant Fazzini's vehicle. The accident occurred in Ontario, Canada, and both defendants reside in Ontario. The answer alleges an affirmative defense of lack of personal jurisdiction of defendants. Appellant Angelini's motion is supported by his own affidavit and by his attorney's affidavit. These affidavits allege the following circumstances surrounding the service of process on appellant. Several months before service, Angelini met a young woman, whose name he thinks was Anna Crawford, when she brought her car into an automobile body shop where he worked and asked for an estimate. A month later she brought another car to another shop where he worked. In early summer, 1973 she asked him to take her to a dance in Niagara Falls, New York. Angelini, who is an Italian immigrant to Canada, explained to her that he could not do so because he lacked immigration papers to enter the United States. About a month later, on August 8, 1973, she went to his place of employment shortly before closing and asked him to drive her to Niagara Falls, New York, on urgent business. She told him he could probably get through immigration on his driver's license, that she preferred his car to hers, and "that she was very fond of him". Angelini agreed to take her. En route they stopped for about 10 minutes at a gas station, where she had the opportunity to make a telephone call. They arrived at the United States Immigration Office at the Rainbow Bridge about 6:00 P.M. She was allowed to enter the United States and Angelini has not seen her since. Angelini was denied admission. When he returned to his car, he was met by one Ronald Lucarini, employed by Rainbow Security, Inc., who served him

with some papers and told him to give them to his insurer. August 8, 1973, the day service was effected, was one day short of three years after the accident. Appellant contends that the requested depositions are material and necessary to his affirmative defense of lack of jurisdiction. He urges that only by the examination of the process server and his employer can it be determined whether process was lawfully served in New York State or whether service was procured through enticement and therefore void. CPLR 3101 (subd [a]) provides for "full disclosure of all evidence material and necessary in the prosecution or defense of an action * * * by any person where the court on motion determines that there are adequate special circumstances" (par 4). The Court of Appeals has stated that the phrase "material and necessary" should "be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason. CPLR 3101 (subd [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' [citation omitted]" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407). If appellant's account of the circumstances surrounding the service of process upon him is true, it may well lead a court to conclude that he was deceitfully enticed into New York solely to be served with process and the service therefore is invalid (see *Terlizzi v Brodie,* 38 AD2d 762). Adequate special circumstances exist to warrant the taking of the depositions (see *Kenford Co. v County of Erie,* 41 AD2d 586). Special Term should have granted appellant's motion; its refusal to do so was an improvident exercise of discretion and is reversed. (Appeal from order of Erie Supreme Court denying motion to examine nonparty witness.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Del Vecchio, JJ.