■ DAVID O. BRAYNARD et al., Respondents, v ETHEL A. MORGAN, as Executrix of CLARENCE D. MORGAN, Deceased, Appellant. (Action No. 1.) (And Another Title.)—In a negligence action to recover damages for personal injuries, etc., defendant appeals from so much of an order of the Supreme Court, Nassau County, dated January 28, 1975, as denied the branches of a cross motion by defendant which were (1) for pretrial examinations of plaintiffs David O. Braynard and Dominique Cournand, (2) to compel plaintiff Braynard to supply defendant with duly signed and acknowledged authorizations permitting defendant to obtain copies of said plaintiff's records at the Little Hill Foundation in New Jersey and (3) to vacate plaintiffs' note of issue and statement of readiness. Order modified by (1) striking therefrom the provisions that denied the branches of defendant's cross motion which were for the pretrial examinations and the authorizations and (2) substituting therefor a provision granting said branches of the cross motion. As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to defendant. The examinations shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by defendant, or at such time and place as the parties may agree, and at the examinations plaintiff Braynard shall give defendant his signed and acknowledged authorizations to permit defendant to obtain copies of said plaintiff's records at the Little Hill Foundation in New Jersey. Plaintiffs were injured when an automobile driven by plaintiff Braynard was struck by an automobile operated by defendant's testator, Clarence D. Morgan. Plaintiff Dominique Cournand was a passenger in the Braynard vehicle. Morgan died and letters testamentary were granted to Ethel A. Morgan on February 23, 1973. On May 19, 1973, this action was commenced by service of process on the executrix. Her answer contained a counterclaim against Braynard. A notice and cross notice for examinations before trial on August 31, 1973 were served by the respective parties on each other. The examinations were adjourned at the request of the executrix to September 19, 1973, but nevertheless were not conducted on that date. Subsequently, on October 9, 1973, the executrix died. Ostensibly without knowledge of her death, plaintiffs served and filed preference papers, a note of issue and a statement of readiness. On December 28, 1973 plaintiffs learned for the first time of the death and in April, 1974 they moved to have Helen M. Koegler, the duly appointed administratrix with the will annexed for the estate of Clarence D. Morgan, substituted as the defendant. The attorney for defendant made his above-mentioned cross motion (1) to compel (a) plaintiffs David O. Braynard and Dominique Cournand to submit to examination before trial

pursuant to the previous cross notice for such examination and (b) plaintiff Braynard to supply the above-mentioned authorizations and (2) to vacate the note of issue and statement of readiness. The motion for substitution and this cross motion were determined by the order under review. As to the matters of the examination of these plaintiffs and the authorizations, the motion court denied the cross motion. The court reasoned that, since the case had been placed on the Trial Calendar, no pretrial examination or other preliminary proceedings could be had in the absence of special circumstances (22 NYCRR 675.7). The court apparently found no existent unusual and unanticipated conditions and so denied that branch of the cross motion. Concerning the authorizations, the court noted that, since plaintiffs had made no claim of special damages arising from plaintiff Braynard's confinement at the Little Hill Foundation, the records sought have no relevance or materiality. We disagree with the motion court's determinations as to the requested examinations and authorizations. There is little question that, apart from said rule 675.7, defendant would be entitled to conduct the examinations before trial. That rule, in substance, precludes a pretrial examination after the case has been placed on the Trial Calendar, in the absence of unusual and unanticipated conditions. However, in view of the intervening death of the executrix (at a time when the examinations before trial were pending and some two and a half months prior to the service and filing of the note of issue and statement of readiness), that rule was not applicable, since all proceedings were, as a matter of law, stayed upon the executrix's death until the entry of an order of substitution of Mrs. Koegler as the defendant in the action (2 Weinstein-Korn-Miller, NY Civ Prac, par 1021.07). Substitution of parties is not effective until an order of the court granting it is made (CPLR 1021). Here, the order of substitution was not made until January 28, 1975 (the order here under review). Thus, the note of issue and statement of readiness (filed after the death of the executrix and prior to the order of substitution) are invalid and do not preclude the previously-scheduled examinations before trial from proceeding. Disclosure is permitted of all evidence which is material and necessary (see CPLR 3101, subd [a]). We note that this term, "material and necessary", must be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). We agree with defendant's assertion that plaintiff Braynard cannot prevent disclosure by claiming that his confinement to the Little Hill Foundation has no connection at all with the accident. Should the records be found upon examination to be immaterial, defendant will not be able to use them upon the trial *(Luciano v Moore,* 45 Misc 2d 335). To prevent disclosure at this juncture, however, would be to frustrate the spirit and intent of the relevant disclosure provisions of the Civil Practice Law and Rules (CPLR 3101, 3121). We find no reason to vacate plaintiffs' note of issue and statement of readiness, in view of our determination to allow defendant full discovery. Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.