■ JOHN T. BROOKS, Individually and as Father and Natural Guardian

of KEVIN L. BROOKS, Appellant, v HAROLD F. HAUSAUER et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: We consider here two appeals, the first being from that part of an order of Special Term, filed April 14, 1975, which permits defendants to receive complete copies of any and all medical and psychological reports concerning the infant plaintiff both before and after the accident, and provides that if the infant plaintiff was under the care of any other family physician or pediatrician, either before or after the accident of January 11, 1966, other than Dr. Fadale, defendants may have an examination of such other family physician or pediatrician with respect to his care and treatment of the infant. The second appeal is from an order of Special Term, filed on June 3, 1975, as the result of a motion for reargument. This order modified the original order by striking the last paragraph of said order relative to the examination of such other family physicians without prejudice to defendants moving at a later date for an examination of one or more of the physicians. The injuries which are the basis of this lawsuit were sustained on January 11, 1966 by the infant plaintiff, Kevin Brooks, then five years of age. It was alleged that he was struck by a bus operated by defendant, Harold F. Hausauer, and owned or controlled by Cottrell Bus Service, Inc. It is contended that the infant plaintiff suffered certain physical injuries resulting in an alleged personality disorder and/or certain psychological disturbances. The basic question upon this appeal is whether the defendants should be allowed to discover all medical and psychological reports of the infant plaintiff both before and after the accident of January 11, 1966. The scope of disclosure is covered in CPLR 3101 (subd [a]), viz., "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". This section has been liberally interpreted by this court and the Court of Appeals so as to require disclosure of information sufficiently related to the issues "which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason." *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406.) Appellant contends that the relief sought by defendants is far beyond that which is permitted by CPLR 3121 as well as Fourth Department rule 22 NYCRR 1024.25. The pleadings are convincing that the infant plaintiff's psychological and physical condition is in controversy and that the medical reports included in the pleadings mandate that the defendants should have access to psychological reports made prior to the accident if they are adequately to defend themselves against the allegations of the plaintiff. We stated in *Matter of Schneier* (50 AD2d 715) that, "The test for disclosure is materiality, that is, relevancy and usefulness *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406–407; *Rufer v New York State Teachers Assn.,* 42 AD2d 1040; *Savitsky v General Motors Corp.,* 40 AD2d 1025)." In *Luciano v Moore* (45 Misc 2d 335), in an analogous situation the court cogently stated (pp 336–337): "Defendants contend that they should not be compelled to accept plaintiff's opinion or statement that the accident aggravated her hypertension and that the hospital confinements would not in any degree shed light upon her complaints and the injuries for which she is suing. * * * By CPLR 3121 the Legislature has provided means for a party to require another to grant pretrial disclosure of physical and mental conditions * * * Clearly, when plaintiff offers evidence upon the trial concerning her physical or mental condition as allegedly caused by the accident, the defendants will be able to obtain, examine and confront her with the hospital records in question. *(Steinberg v. New York Life Ins. Co.,* 263 N. Y. 45; *Hethier v. Johns,* 233 N.

Y. 370; *Capron v. Douglass* , 193 N. Y. 11.) No legal harm to plaintiff can be envisaged by applying CPLR 3121 (subd. [a]) in this case, and giving the defendants the opportunity to make the decision before the trial as to whether the hospital confinements were related to ailments and conditions for which the plaintiff seeks to charge the defendants." The foregoing analysis, together with the generally accepted liberal interpretation of article 31, compels the conclusion that medical and psychological reports concerning infant plaintiff, as well as hospital reports, are material and relevant. Inasmuch as the provisions of the Civil Practice Law and Rules obviously take precedence over any rules of the court, the plaintiff cannot successfully contend that 22 NYCRR 1024.25 should deny the defendants the relief which they seek. There was no abuse of discretion at Special Term. The orders appealed from are affirmed. (Appeal from order of Erie Supreme Court granting motion for examination before trial.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.