■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 7, 1974, convicting him of attempted robbery in the first degree, on his plea of guilty, and imposing sentence. Judgment modified, on the law, by reducing the conviction to one of attempted robbery in the second degree and by reversing the sentence imposed thereon. As so modified, judgment affirmed and case remitted to Criminal Term for resentence. Under the circumstances of this case, the defendant-appellant's plea of guilty to attempted robbery in the first degree should not have been accepted. The defendant was not armed with a deadly weapon and there was no use or threatened immediate use of a dangerous instrument within the contemplation of section 160.15 of the Penal Law. Under the elicited facts, however, a conviction of attempted robbery in the second degree would be appropriate and, since the defendant in his brief requests that we modify the judgment accordingly and remit the case to the Criminal Term for resentencing, we do so. The District Attorney, in his brief, concedes that the judgment should be so modified. The District Attorney is to be commended for his assistance to the court by his concession. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.

■ HELENE MENDELSON et al., Respondents, v JOSEPH SHEIN, Defendant, and UPJOHN COMPANY, Appellant.—In an action, *inter alia,* to recover damages based upon drug product liability, defendant Upjohn Company appeals from so much of an order of the Supreme Court, Queens County, dated March 25, 1977, as denied the branch of its motion which sought to compel plaintiff to furnish it with authorizations to examine and/or copy the medical records of two treating physicians, Doctors Gilbert and Lester. Order modified by deleting therefrom the provision denying the branch of the motion which seeks authorization to examine and/or copy the records of Dr. Gilbert, and the said branch of the motion is granted. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Plaintiff's time to furnish an authorization for Dr. Gilbert is extended until 20 days after entry of the order to be made hereon. As to Dr. Gilbert, we hold that the "generally accepted liberal interpretation of CPLR article 31 compels the conclusion that the medical reports sought are material and relevant (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403)" *Moses v Woodbury,* 54 AD2d 961). In our judgment, the application with respect to Dr. Lester is too remote. Hopkins, J. P., Martuscello, Margett, and O'Connor, JJ., concur.