■  RUBELLE MYERS et al., Respondents, v EDWARD SCHNEIDER et al., Appellants.—In a medical malpractice action, the defendants appeal from an order of the Supreme Court, Westchester County, dated November 8, 1976, which denied their motion to compel plaintiffs to furnish authorizations for the office records of a certain physician "and the records, names and addresses of the * * * home care nurses." Order reversed, with $50 costs and disbursements, and motion granted. Plaintiffs' time to furnish the authorizations is extended until 20 days after entry of the order to be made hereon. Since the medical reports sought are material and relevant and may be obtained pursuant to CPLR 3121, their inspection should have been permitted under the liberal interpretation of CPLR article 31 (see *Greuling v Breakey,* 56 AD2d 540, 542; *Mendelson v Shein,* 58 AD2d 859. The same reasoning applies to the names, addresses and records of the home care nurses. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■  EDWARD M. POLK et al., Appellants, v ROBERT F. DEHNEY et al., Constituting the Board of Zoning Appeals of the City of Glen Cove, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent board of zoning appeals which, after a hearing, gave respondent Glengariff, Inc., permission to utilize Glengariff Drive for nursing home purposes, petitioners appeal from a judgment of the Supreme Court, Nassau County, dated November 3, 1976, which, *inter alia,* denied the application and dismissed the proceeding. Judgment affirmed, without costs or disbursements. There was sufficient evidence to sustain the board's determination. Cohalan, J. P., Titone, Hawkins and Mollen, JJ., concur.