■ · DAVID MARGULIES et al., Appellants, v MURRAY STEINFINK, Respondent.—In an action to declare that defendant is not entitled to construct a curtain drain upon plaintiffs' land under the terms of a certain easement and to enjoin defendant from constructing such a drain, plaintiffs appeal from a judgment of the Supreme Court, Rockland County, dated June 2, 1977, which, inter alia, declared that defendant is entitled to construct a curtain drain under the terms of the easement. Judgment affirmed, with costs. Plaintiffs-appellants' property, which borders defendant's landlocked parcel, is subject to an easement "for purposes of ingress and egress and for the installation of utilities" over a strip of land 50 feet wide. As a condition for the approval of defendant-respondent's septic system, the Department of Health of Rockland County determined that the level of the ground water on his parcel would have to be lowered. To accomplish this, defendant proposed the installation of a curtain drain within the area covered by the easement. Plaintiffs contend that the easement does not encompass such a use. We disagree. In our view the term "utilities" as used herein is broad and includes the construction of a curtain drain on plaintiffs' property within the area covered by the easement. Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ DAVID MARGULIES et al., Appellants, v MURRAY STEINFINK, Respondent.—Motion by appellants to stay the provisions of the fifth decretal paragraph of a judgment of the Supreme Court, Rockland County, dated June 2, 1977, until 30 days after the date of the decision on the appeal from said judgment. Motion denied and temporary stay contained in the order to show cause dated December 30, 1977 vacated. The appeal is decided herewith. Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ LUIS MATOS, as Administrator of the Estate of ANNA ROSARIO, Deceased, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL, Defendant, and CELESTE SEBAL et al., Appellants.—In a medical malpractice action to recover damages for conscious pain and suffering and wrongful death, the individual defendants appeal from an order of the Supreme Court, Kings County, dated September 21, 1977, which denied their motion, inter alia, to require plaintiff to furnish duly executed authorizations to obtain copies of all records relating to the decedent in the possession of the Metropolitan Life Insurance Company. Order modified by deleting therefrom the provision denying the motion in its entirety and substituting therefor provisions that the branch of the motion which seeks dismissal of the complaint is denied and that the branch of the motion which seeks the authorization to obtain copies of records is granted to the extent that plaintiff is directed to furnish appellants' attorneys with a duly executed authorization permitting them to inspect and obtain a copy of the life insurance application made by plaintiff's intestate to the Metropolitan Life Insurance Co., and all medical records in the possession of that said company pertaining to that application. As so modified, order affirmed, without costs or disbursements. Plaintiff's time to furnish the authorization is extended until 20 days after entry of the order to be made hereon. In our opinion, under the circumstances of this case, the branch of appellants' motion which sought to compel the furnishing of authorizations should have been granted, as provided herein (see Greuling v Breakey, 56 AD2d 540; Myers v Schneider, 59 AD2d 736). Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.