■ WALTER G. RUSYNIAK, Respondent, v CANDLEWICK CONSTRUCTION, INC., et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Special Term did not abuse its discretion in denying defendants the grant of a protective order. Not only was defendants' motion for a protective order untimely (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3103:3, p 299; *Zeif v Zeif,* 31 AD2d 625), but it waived any objection to the production of tax returns by voluntarily producing these returns and answering questions at a prior examination. The Court of Appeals has stated that, "CPLR 3101 (subd [a]) should be construed, as the leading text on practice puts it, to permit discovery of testimony 'which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable' [citation omitted]" *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407; *Kenford Co. v County of Erie,* 55 AD2d 466, 469; *Wolfe v Fazzini,* 50 AD2d 723, 724). Plaintiff sought an examination of the financial statements and books of account showing the financial condition of the corporate defendant during the period January 1, 1970 through December 31, 1971. Special Term properly found that such financial information was "material and necessary". It further provided the safeguard of appointing a Referee to oversee the examination before trial of the individual defendant with respect to these records. Finally any evidence disclosed at the examination found not to be material will not be admissible at trial *(Braynard v Morgan,* 50 AD2d 810). (Appeal from order of Onondaga Supreme Court—examination before trial.) Present—Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Denman, JJ.