■ JUDY E. JOHANTGEN, Appellant, v HOBART MANUFACTURING COMPANY, Respondent. (Appeal No. 1.)—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Denman,

J., not partitipating. Memorandum: Plaintiff brought this action as a result of injuries she sustained while operating a meat grinder manufactured by defendant. The meat grinder consists of two main parts, the Hobart No. 12 meat chopper attachment and a power unit which is utilized to run the machine. In her amended complaint plaintiff asserted three causes of action in negligence, strict products liability and breach of warranty under which she set forth two main allegations of defect with respect to the meat chopper machine. The first involves an allegedly defective on-off switch which is attached to the power unit or base of the machine and which is not connected to the meat chopper attachment. The second alleged defect pertains to the meat chopper attachment itself and, in particular, to the design and construction of the throat of the machine. On March 10, 1977 plaintiff sought an order pursuant to CPLR 3124 compelling defendant's representatives to appear for an examination concerning "other or similar accidents from or injuries involving the Defendants same or similar meat grinders". Special Term granted plaintiff's motion but limited the discovery to accidents involving the Hobart No. 12 meat chopper attachment when used in conjunction with the identical power unit as the one utilized when plaintiff was injured. Plaintiff asserts that she should be permitted to discover all accidents involving the Hobart No. 12 meat chopper attachment, irrespective of the motor which was driving the attachment at the time. We agree. CPLR 3101 (subd [a]) states that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". The words "material" and "necessary" are to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). It has been held in products liability cases that plaintiffs are entitled to disclosure of information regarding claims similar in nature to the one alleged, whether these claims were made prior to or subsequent to plaintiffs' claims *(Carnibucci v Marlin Firearms Co.,* 51 AD2d 1067; *Abrams v Vaughn & Bushnell Mfg. Co.,* 37 AD2d 833; *Bennett v Troy Record Co.,* 25 AD2d 799; *Ribley v Harsco Corp.,* 84 Misc 2d 744; see, also, *Uitts v General Motors Corp.,* 62 FRD 560; Ann., 42 ALR3d 780; Ann., 20 ALR3d 1430). The cases do not state unequivocally that the accidents which may be discovered must involve the identical product or instrumentality. Rather, they require, at the least, that the other accidents involve the identical alleged defective component in a product of the same or similar design (see *Prashker v Beech Aircraft Corp.,* 258 F2d 602; *Uitts v General Motors Corp., supra; Carnibucci v Marlin Firearms Co., supra; Berry v Freuhauf Trailer Co.,* 371 Mich 428). Inasmuch as there is an allegation that the meat chopper attachment itself is defective, we see no reason to preclude plaintiff from discovering accidents involving this attachment when it is used in conjunction with other power units, particularly since defendant has failed to show how these other power units differ in design or function from the one involved in plaintiff's accident. If at trial it is shown that the Hobart No. 12 meat chopper attachment, when utilized in conjunction with these other power units, is sufficiently distinct with respect to design, function and capacity, from the machine causing plaintiff's injuries, evidence of accidents involving these other machines may be excluded at that time. Plaintiff contends secondly that Special Term erred in vacating certain of her requests to admit. The purpose of the notice to admit procedure is not to obtain information in lieu of other disclosure devices, such as the taking of depositions and examina-

tions before trial, but is intended only to eliminate from the issues in litigation matters which will not really be in dispute at the trial *(Nader v General Motors Corp.,* 53 Misc 2d 515, 516). Requests for admissions should not concern a great deal of highly technical, detailed and scientific information or be patently burdensome *(Falkowitz v Kings Highway Hosp.,* 43 AD2d 696). The procedure is aimed at clearcut matters of fact which the adverse party can respond to with a simple and unequivocal yes or no or ascertain upon reasonable inquiry. We find that Request Nos. 25, 26, 28, 30, 32 and 34 are proper requests which should not have been stricken and, therefore, defendant is ordered to answer such requests for admissions. We do not pass upon the admissibility at trial of any of the information obtained pursuant to the examination of defendant's representatives and the notice to admit procedure. However, to prevent disclosure at this time would frustrate the spirit and intent of CPLR 3101 and 3123. Should such information be immaterial, plaintiff may not use it upon the trial *(Rusyniak v Candlewick Constr.,* 63 AD2d 831; *Braynard v Morgan,* 50 AD2d 810, 811). (Appeal from order of Monroe Supreme Court—examination before trial.) Present— Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.