■ SUSAN PANTALEO et al., Respondents-Appellants, v JOSEPH D. SACCA, Appellant-Respondent, et al., Defendant and Third-Party Plaintiff. RICHARDSON-MERRELL, INC. (WM. S. MERRELL COMPANY DIVISION), Third-Party Defendant-Appellant-Respondent.—In a medical malpractice action, (1) the defendant doctor, Joseph D. Sacca, and the third-party defendant, Richardson-Merrell, Inc., appeal from so much of an order of the Supreme Court, Queens County, dated June 1, 1977, as granted plaintiffs' motion for a protective order, quashed subpoenas served by the third-party defendant for the examination before trial of three nonparty doctors and denied a cross motion for sanctions to compel the production of said nonparty doctors, and (2) plaintiffs appeal from so much of a further order of the same court, dated October 20, 1977, as, upon granting defendant Sacca's motion to renew consideration of their motion for a protective order (a) vacated so much of the prior order as granted the protective order and quashed the subpoena served upon Dr. Samuel Karlan, and (b) directed the said doctor to appear for an examination before trial. (The appeals by defendant Sacca and the third-party defendant bring up for review so much of the order dated October 20, 1977 as is adverse to them [see CPLR 5517]). Appeal from the order dated June 1, 1977 dismissed as academic, without costs or disbursements. That order was superseded by the order made upon renewal. Order dated October 20, 1977, reversed insofar as appealed from and reviewed, and, upon renewal, plaintiffs' motion for a protective order is granted as to Dr. Samuel Karlan and denied as to Dr. Richard Karlan and Dr. Herman Gershwin and, as to the latter doctors, plaintiffs shall furnish defendant Sacca and the third-party defendant with authorizations to inspect and copy the office records of those doctors relating to their care of the injured plaintiff. Plaintiffs' time to furnish said authorizations is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. The third-party defendant served subpoenas for the examination before trial of Dr. Robert Karlan, Dr.

Herman Gershwin and Dr. Samuel Karlan, all of whom treated the injured plaintiff. In our view, sufficient special circumstances (CPLR 3101, subd [a], par [4]) have been shown to justify production of the office records of Dr. Robert Karlan and Dr. Herman Gershwin pertaining to the injured plaintiff (cf. *Greuling v Breakey,* 56 AD2d 540). However, there has been no showing of any need for an examination before the trial of these physicians and, on the present record, we believe that disclosure of the injured plaintiff's medical records will be sufficient at this juncture. Regarding Dr. Samuel Karlan, plaintiffs' expert medical witness, we hold that there has been no showing of such special circumstances as would overcome the provisions of CPLR 3101 (subd [d]). Martuscello, J. P., Rabin, Gulotta and Cohalan, JJ., concur.