addition to the visitation rights granted by Family Court, to perpetuate a reasonably normal father-daughter relationship, we believe that summer visitation should be enlarged to include the two full months of July and August. Such is in accord with the best interests of Amy, to spend the summer in the Chautauqua community where both her maternal and paternal families have deep roots. Turning to the issues raised on the mother's cross appeal, the retention of jurisdiction over this custody matter by Family Court in Chautauqua County, even though an action instituted by the mother, now a resident of that State, was pending in North Carolina does not constitute an abuse of discretion. Finally, we conclude upon review of this record that the trial court did not abuse its discretion in the remaining portion of its order. (Appeal from order of Chautauqua County Family Court—custody, etc.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ JOHN M. RUDOWSKI, JR., Respondent, v CHARLES S. GREENAN et al., Appellants.—Order unanimously reversed, on the law and facts, with costs, and verdict reinstated. Memorandum: In this action under article 15 of the Real Property Actions and Proceedings Law, the Trial Judge set aside a jury verdict in favor of defendants and granted a new trial to determine plaintiff's claim to real property in the City of Buffalo. It is well settled that a motion to set aside a jury verdict should not be granted unless the preponderance of the evidence in plaintiff's favor is so great that the verdict could not have been reached on any fair interpretation of the evidence (*Boyle v Gretch,* 57 AD2d 1047). Moreover, on an appeal from a decision setting aside a verdict and ordering a new trial, we will reverse when our review of the evidence establishes that the order is unreasonable (*Boyle v Gretch, supra,* p 1048). We find sufficient credible evidence in the record to sustain the inference that plaintiff sold the real property to defendants and that plaintiff, therefore, had no claim to this property. Accordingly, it was unreasonable for the court to set aside the jury's verdict. (Appeal from order of Erie Supreme Court—set aside verdict.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ PAMELA KAZA et al., Respondents, v ARTHUR J. GARDNER, Appellant.—Order unanimously reversed, without costs, and motion granted. Memorandum: Defendant's inspection of the medical and hospital records of the Cleveland Clinic should have been permitted pursuant to CPLR 3121 (see *Mendelson v Shein,* 58 AD2d 859; *Greuling v Breakey,* 56 AD2d 540, 542). Plaintiffs may not successfully contend that because they do not intend to have a representative of the Cleveland Clinic testify at the time of the trial, 22 NYCRR 1024.25 forecloses disclosure of these records to defendant (*Brooks v Hausauer,* 51 AD2d 660). The time for plaintiff Pamela Kaza to furnish the authorization is extended until 20 days after entry of the order to be made hereon. (Appeal from order of Erie Supreme Court—medical—hospital records.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ In the Matter of the Estate of ANNA OZOLINS, Deceased. AUSMA SILINS, Respondent; ROBERT OZOLINS, Appellant. (Appeal No. 1.)—Appeal unanimously dismissed as moot. (Appeal from order of Onondaga County Surrogate's Court—vacate letters; preclusion.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ In the Matter of the Estate of ANNA OZOLINS, Deceased. AUSMA SILINS, Respondent; ROBERT OZOLINS, Appellant. (Appeal No. 2.)—Appeal unanimously dismissed on the ground that no appeal lies from a default

judgment. (Appeal from decree of Onondaga County Surrogate's Court—letters of administration.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ In the Matter of the Estate of ANNA OZOLINS, Deceased. AUSMA SILINS, Respondent; ROBERT OZOLINS, Appellant. (Appeal No. 3.)—Order unanimously affirmed, with costs. Memorandum: We find no evidence that the default was excusable and the motion to vacate was properly denied. (Appeal from order of Onondaga County Surrogate's Court—vacate decree.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.

■ RICHARD L. JANIK, Respondent, v ERIE LACKAWANNA RAILWAY COMPANY, Appellant.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: On this appeal defendant contends that plaintiff should be precluded from offering at trial testimony and medical reports of plaintiff's specialist, Dr. Perese, or in the alternative, that it should be allowed a second physical examination of plaintiff. Defendant asserts that it was not properly served with a medical report by Dr. Perese containing evidence of "further or subsequently discovered injuries" pursuant to subdivision (e) of section 1024.25 of the Rules of the Supreme Court, Appellate Division, Fourth Department. (22 NYCRR 1024.25 [e].) Plaintiff contends that the report of Dr. Perese does not show a further subsequent injury sufficient to trigger the preclusion remedy of 22 NYCRR 1024.25 (g). Inasmuch as a prior physical examination by defendant's specialist is now over four years old, defendant should be allowed a second physical examination of plaintiff (see *Conforti v Central School Dist. No. 3 of Towns of Lloyd, Marlboro, New Paltz and Esopus,* 284 App Div 1084). (Appeal from order of Erie Supreme Court—discovery, etc.) Present—Moule, J. P., Cardamone, Simons, Dillon, and Hancock, Jr., JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. MONTGOMERY, Appellant.—Judgment unanimously reversed, sentence vacated and case remitted to Herkimer County Court for further proceedings in accordance with the following memorandum: In accordance with the agreement entered into between the prosecutor and the defendant, concurred in by the court prior to entry of defendant's plea of guilty, any minimum sentence imposed on defendant should not have exceeded two and a half years. If on resentencing the court contemplates imposing a minimum sentence in excess of that period, defendant upon application to the court should be permitted to withdraw his plea of guilty. (Appeal from judgment of Herkimer County Court—burglary, first degree, and another charge.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT QUAGLIANA, Appellant.—Judgment unanimously affirmed. (See *People v Leone,* 44 NY2d 315.) (Appeal from judgment of Erie Supreme Court—criminal contempt, first degree.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v ELECTRO NETWORKS, DIVISION OF CHLORIDE, INC., Respondent.—Determination and order unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner, a 59-year-old employee of respondent Electro Networks (Electro), brings this review pursuant to section 298 of the Executive Law of an order of the State Division of Human Rights Appeal Board (Appeal Board), dated October 6, 1977, which affirmed the determination and order of the State Division of Human Rights (Division), dated June 30, 1976,