■ ROBERT F. CALHOUN, Respondent, v JOAN A. PICKETT et al., Appellants. (Action No. 1.) DONALD HOENIG, Respondent, v HENRY F. WESTPHAL, Appellant. (Action No. 2.)—Appeals, in Action No. 1, from an order of the Supreme Court at Special Term, entered January 29, 1980 in Rensselaer County, which granted plaintiff's motion for a protective order, and, in Action No. 2, from an order of the Supreme Court at Special Term, entered March 4, 1980 in Albany County, which denied defendant's motion to compel answers to interrogatories. In Action No. 1, defendants served a cross notice of examination before trial and a notice to produce, specifically limited to the attending physicians' reports concerning examination, diagnosis and treatment of the attending physicians identified in the bill of particulars with respect to the dates of treatment specified therein. Special Term granted plaintiff's motion for a protective order. In Action No. 2, defendant moved for an order compelling answers to interrogatories, which requested specific information for the purpose of identification and disclosure of attending physicians' reports of those doctors who treated plaintiff. Item six of the proposed interrogatory requests disclosure of the attending physician's report as identified in the answers to the interrogatories one through five. Special Term denied the motion. Both orders should be reversed. The question presented by these appeals is whether the defendants should be allowed to discover attending physicians' reports of the plaintiffs. CPLR 3101 (subd [a]) requires "full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof". This section has been liberally interpreted and discovery is allowed of reports and records which are material and relevant for the presentation or defense of an action *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). Plaintiffs should not be able to assert a physical condition in seeking damages and at the same time contend that medical reports of attending physicians are immune from disclosure pursuant to CPLR article 31. Such reports are not material prepared solely for litigation *(Baker v Younts,* 96 Misc 2d 132, 133), and the liberal interpretation accorded CPLR article 31 compels the conclusion that medical reports of attending physicians are material and relevant. Indeed, the other Appellate Divisions have generally allowed discovery and inspection of medical records in the possession of specified doctors *(Kaza v Gardner,* 65 AD2d 958; *Pantaleo v Sacca,* 64 AD2d 696; *Matos v St. John's Episcopal Hosp.,* 60 AD2d 909; *Myers v Schneider,* 59 AD2d 736; *Mendelson v Shein,* 58 AD2d 859; *Greuling v*

*Breakey,* 56 AD2d 540; *Moses v Woodbury,* 54 AD2d 961; *Brooks v Hausauer,* 51 AD2d 660). Inasmuch as the provisions of the CPLR take precedence over any rules of this court, plaintiff's reliance on 22 NYCRR 861.17 must be rejected *(Moses v Woodbury, supra; Brooks v Hausauer, supra).* Since defendants' demand for disclosure met the requirements of specificity, as recently discussed by us in *Ciembroniewicz v Madigan Mem. Hosp.* (72 AD2d 653), defendants were entitled to the relief which they sought. Plaintiff's other contentions have been examined and found to be without merit. Order, entered January 29, 1980, reversed, and motion denied, without costs. Order, entered March 4, 1980, reversed, and motion granted, without costs. Greenblott, J. P., Staley, Jr., Mikoll and Casey, JJ., concur.

Main, J., dissents and votes to affirm in the following memorandum. Main, J. (dissenting). I must respectfully dissent. True it is that CPLR 3101 (subd [a]) has been liberally construed *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403). However, CPLR 3121, which is specifically concerned with the discovery of medical information only, requires a party who places his mental or physical condition in controversy to submit to a physical examination by a doctor designated by his adversary and/or to furnish "written authorizations permitting all parties to obtain, and make copies of, the records of specified hospitals relating to such mental or physical condition" (CPLR 3121, subd [a]). CPLR 3121 (subd [b]) authorizes the exchange of medical reports at the request of the party examined pursuant to subdivision (a) thereof. Thus CPLR 3121 specifically provides for unilateral discovery of hospital records and an examination of a party by a doctor of the other party's choice, but in no manner authorizes discovery of doctors' records and reports beyond an exchange thereof initiated by the examined party (see 7 Carmody-Wait 2d, NY Prac, § 42:161). CPLR 3121 is specific in nature and clearly is in derogation of CPLR 3101, a general statute, and, accordingly, since general terms should be regarded as limited by subsequent more specific terms, CPLR 3121 must prevail (McKinney's Cons Laws of NY, Book 1, Statutes, § 238; 56 NY Jur, Statutes, § 129). Had the Legislature deemed it proper or wise that the records and notes of the treating doctor be made available, it certainly would have so provided in CPLR 3121. I would affirm both orders. `