■ Irene Harmon, Appellant, v Ford Motor Company, Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was the owner of a 1974 Ford Maverick automobile. In her amended complaint asserting causes of action sounding in negligence, breach of warranty and strict products liability, she alleges that while operating the vehicle on October 1, 1978, she heard strange noises emanating from the rear; that with the car stopped, the engine running and the gear select lever in the park position, she got out of the vehicle and walked to the rear to investigate the noises; that the automatic transmission suddenly moved from park into reverse gear and the car ran over her. Plaintiff served interrogatories upon defendant pursuant to CPLR 3130 and defendant moved for a protective order pursuant to CPLR 3103 and 3133. Among other things, the interrogatories sought variegated information concerning the C-3, C-4, C-6 and FMX types of transmissions for the years 1970 through 1980 and, in interrogatories numbered "11" and "12", sought details of design modifications made for 1980 models. Plaintiff appeals from so much of Special Term's order as limited the interrogatories to the C-4 type transmission of plaintiff's vehicle for the years 1974 (the year of manufacture of plaintiff's car) to October 1, 1978 (the date of the accident) and disallowed interrogatories numbered "11" and "12". Plaintiff's motion papers included a

copy of a letter from the Department of Transportation, National Highway Traffic Safety Administration, to the defendant dated June 9, 1980 and a copy of the department's investigative report dated June, 1980. The letter states in part: "The information which this agency has developed or received concerning inadvertent rearward movement of Ford vehicles equipped with automatic transmissions indicates that all Ford vehicles built between September 1, 1969 and October 31, 1979, and equipped with C-3, C-4, C-6, FMX or JATCO automatic transmissions, contain one or more defects in design, construction, or performance." According to the report, inadvertent rearward movement occurred when a car operator believed that the gear selector lever had been placed in the park position, but the pawl of the transmission was not secure in the park position and would slip into the reverse position. The investigative report also reveals that defendant made some design changes in its 1980 models to correct the problem. The proof presented on the motion showed dissimilarities in each of the four types of transmissions and thus Special Term's order properly limited the scope of the interrogatories to the C-4 type transmission (see *Bertocci v Fiat Motors of North Amer.*, 76 AD2d 779; *Johantgen v Hobart Mfg. Co.*, 64 AD2d 858). It was improper, however, to limit disclosure to the years from date of manufacture to date of accident (see *Johantgen v Hobart Mfg. Co., supra*). While disclosure for these purposes should not include the 1980 model because of the dissimilarity of the C-4 transmission resulting from the design changes, it is obvious that defendant and the Department of Transportation have compiled records and made studies for the years 1970 through 1979, and information as to those years would be necessary, material and useful to plaintiff in the preparation of her case (see *Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403.) As to interrogatories numbered "11" and "12", defendant argues that the 1980 postaccident design changes will be inadmissible. The admissibility of this evidence will be dependent upon the purpose for which it is offered and will be a question which the trial court must decide (cf. *Rainbow v Elia Bldg. Co.*, 79 AD2d 287, affd 56 NY2d 550; *Bolm v Triumph Corp.*, 71 AD2d 429). For purposes of discovery, however, it is sufficient if the material sought bears on the controversy and will assist in preparation for trial. "The test is one of usefulness and reason." (*Allen v Crowell-Collier Pub. Co., supra*, p 406.) Applying that test, we conclude that plaintiff is entitled to disclosure of the 1980 postaccident design changes (see *Hawkins v Genesee Hosp.*, 86 AD2d 971). The order is modified by deleting therefrom decretal paragraph "3"; by substituting the words "from 1970 through 1979" for the words "from 1974 through 1978" in decretal paragraphs "1", "5", "7" and "8"; by deleting from decretal paragraph "2", the words "prior to October 1, 1978, the date of the accident involved in this litigation"; by deleting from decretal paragraph "9" the words "prior to October 1, 1978" and by substituting the words "from 1970 through 1979" for the words "from 1974 through 1978" in said paragraph; and by substituting the words "after October 1, 1977" for the words "between October 1, 1977 and October 1, 1978, the date of the accident involved in this litigation" in decretal paragraph "10". (Appeal from order of Supreme Court, Monroe County, Wagner, J. — protective order.) Present — Dillon, P. J., Callahan, Boomer, Moule and Schnepp, JJ.