■ RALPH J. BALENO, Individually and by JOAN A. BALENO, as Conservator of His Estate and as Guardian ad Litem, et al., Respondents, v JACUZZI RESEARCH, INC., et al., Appellants. (And a Third-Party Action.) — Order unanimously affirmed, with costs. Memorandum: Defendants appeal from an order which granted plaintiffs' application for leave to amend their complaint to include a request for punitive damages, granted plaintiffs' request for further discovery and denied defendants' cross motion to dismiss plaintiffs' cause of action in strict products liability and for a protective order against further discovery. On May 17, 1976 plaintiff Ralph Baleno sustained severe and permanent brain damage from electric shock while using a portable Jacuzzi hydrotherapy unit, Model J-300BC. This unit is designed to be operated under water. The accident occurred when the submerged unit was plugged into a three-prong electrical outlet which was not properly grounded. This action is based on negligence and strict products liability on the theory that Jacuzzi knew or should have known that the unit might be used in conjunction with a defectively wired outlet, that improper use was foreseeable and that defendant failed to adequately warn consumers of the severe danger of electric shock if home wiring was defective. The unit was manufactured between 1968 and 1970, was purchased in 1970 and its manufacture was discontinued on September 30, 1974. Defendants argue that the plaintiffs have failed to make a showing of culpable conduct on their part to justify a punitive damage award and that they have not made out a cause of action in strict products liability since plaintiffs concede that the unit was not defective. Further, they contend that evidence concerning design modifications and safety tests is inadmissible at trial and that Special Term thus erred in granting the motion for discovery and particularly discovery of records relating to design modifications, testing, assembly and marketing of the unit and replacement units from 1970 through 1974. Our examination of the record establishes that Special Term properly exercised its discretion in granting the relief to plaintiffs. If the factual allegations made by plaintiffs are proven true, a question of fact for the jury will exist as to whether defendants' conduct meets the standard of "gross negligence" amounting to a "fraud upon the public" required for an award of punitive damages. There is no indication that

defendants have been hindered in the preparation of its case or prevented from taking the necessary measures to support their position (see *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18). Further, plaintiffs have adequately stated a cause of action in strict products liability under theories of improper design and inadequate warnings for the use of the product. Evidence of design modifications is admissible to show what other designs were feasible at the time of manufacture (see *Rainbow v Elia Bldg. Co.*, 79 AD2d 287, affd 56 NY2d 550; *Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55; *Bolm v Triumph Corp.*, 71 AD2d 429, mot for lv to app dsmd 50 NY2d 928; cf. *Opera v Hyva, Inc.*, 86 AD2d 373, 377). Although plaintiffs have the burden of establishing at trial that the subsequent modifications were within the state of the art at the time the unit was manufactured, discovery of this evidence as limited by Special Term may be useful to plaintiffs under their improper design theory since the evidence bears on the controversy and will assist in the preparation for trial (see *Harmon v Ford Motor Co.*, 89 AD2d 800, 801). (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — discovery.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.