■ JEAN M. CONNELL, Individually and as Mother and Natural Guardian of JOHN TEATOM, an Infant, Respondent, v MARK S. BEAULAC et al., Appellants.—Mikoll, J.

In this negligence action, Special Term ruled that certain psychiatric records relating to treatment of plaintiff Jean M. Connell (hereinafter plaintiff) by Dr. Stephen Andreski before and after the accident which is the subject of this action be disclosed to defendants' attorneys. Special Term then required that the disclosure of the records be confidential and restricted to "the attorney for the defendants" and "the physician whom the defendants may select to conduct an examination of the plaintiff". Special Term further directed that the original records and all copies made by counsel be returned to Andreski or destroyed "if such records are found by the supervising Justice to not be subject to disclosure, or otherwise following final disposition of this action". The order also provided that defendants may take a deposition of Andreski "to be supervised by a Justice of the Supreme Court".

Defendants argue that Special Term made a brief in camera inspection of the psychiatric records in question and ordered their disclosure. Defendants further argue that Special Term, having found that the records could be disclosed, wrongfully ordered that they be treated confidentially and that their use be limited. Plaintiff contends that Special Term did not make an in camera inspection but, rather, referred the issue to a supervisory Judge.

In our view, the position urged by defendants is the correct interpretation of the order. Special Term did inspect the psychiatric record and directed that it be turned over to defendants' attorneys. Special Term did not direct that the record be turned over to a Supreme Court Justice to make an in camera decision concerning disclosure.

Plaintiff put her mental condition in issue and by doing so

waived her doctor-patient privilege *(see, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452; *Daniele v Long Is. Jewish-Hillside Med. Center,* 74 AD2d 814; *Brooks v Hausauer,* 51 AD2d 660, 661-662). A strong presumption in favor of disclosure was created *(see, Cynthia B. v New Rochelle Hosp. Med. Center, supra,* pp 461-463). In the instant case, there is no direct evidence that any portion of plaintiff's psychiatric record would be unduly embarrassing and detrimental to her other than conclusory statements in the affidavits of plaintiff and her counsel. Indeed, Andreski's letter of transmittal accompanying the redacted portion of plaintiff's record merely states that "portions of the record have been omitted which either do not relate directly to my treatment of her injuries from the accident in question or which relate to her discussions with her attorney concerning the same". It is significant that Andreski does not claim in this letter that the omitted records are totally unrelated to his treatment of plaintiff. Considering the lack of evidence that full disclosure would result in imminent serious physical or psychological harm to plaintiff and the failure to demonstrate prejudice to any person, there was no need for the restrictions and confidentiality directions which Special Term issued *(see, supra).*

Accordingly, the order of Special Term should be modified by striking the second, third and fourth decretal paragraphs thereof and substituting in place thereof a provision allowing defendants to examine plaintiff pursuant to CPLR 3121.

Order modified, on the law, without costs, deleting therefrom the second, third and fourth decretal paragraphs and substituting in place thereof the following: "Ordered that defendants may conduct an examination of the plaintiff pursuant to CPLR 3121; and it is further," and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.