■　JENNY WOOD-MULLER et al., Plaintiffs, and LYNDA MARKIS et al., Appellants, v. PROVIDENT LOAN SOCIETY OF NEW YORK, Respondent.— Order, Supreme Court, New York County, entered March 13, 1974, granting defendant's motion for reargument and upon reargument modifying an order entered on November 8, 1973 to the extent of granting a protective order with respect to a certain

security report, unanimously modified, on the law and the facts, without costs and without disbursements, to the extent of directing that said security report be furnished to the Justice presiding at Special Term, Part II for *in camera* inspection and determination of what portions may be disclosed, and as so modified the order is affirmed. Plaintiffs are individuals who, in borrowing sums of money from the defendant, put up as collateral various items of personal property. This collateral was stolen from one of defendant's bank offices, and in suing to recover the fair and reasonable value of such items, plaintiffs seek to examine a security report made for defendant, at its request, analyzing the security system and procedures utilized by defendant. A prior robbery at another branch of defendant apparently occasioned said report. Defendant sought a protective order barring discovery of the report on the basis that disclosure of the contents of the report would be prejudicial as the changes recommended therein "today constitute the security system of the offices involved". It is noted that on March 5, 1973, the Supreme Court in granting plaintiffs' motion for further examination of the defendant, properly held that the security precautions used or recommended were subject to disclosure (CPLR 3101; *Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403). Defendant's contention that examination of the security report would put at jeopardy its present security system can be met with the simple statement and observation that review of the report preliminarily by the court *in camera* serves to protect defendant's interest in the confidentiality of its present security system and the interest of plaintiffs in having disclosure of such information contained in that report which would be of benefit to the plaintiffs and as to which plaintiffs would be clearly entitled. Concur — McGivern, P. J., Kupferman, Lupiano and Lane, JJ.