■ MARILYN T. DALE, Respondent, v ARTHUR M. SHERMAN, Appellant.— In a malpractice action, the defendant appeals from an order of Supreme Court, Nassau County, entered July 30, 1979, which (1) denied that branch of his motion which was to vacate the plaintiff's note of issue and statement of readiness, and (2) granted that branch of his motion which was to compel the plaintiff to furnish certain medical and hospital authorizations only to the extent of directing that the records and reports in question be delivered to the court for a preliminary determination of whether they concern matters which are in controversy in the action. Order modified by deleting the final two paragraphs thereof. As so modified, order affirmed, without costs or disbursements. Plaintiff seeks damages for personal injuries resulting from the alleged malpractice of the defendant, a licensed chiropractor. Upon plaintiff's refusal to provide authorizations for records and reports relating to her previous hospitalizations and medical treatment, the defendant moved for an order vacating plaintiff's note of issue and statement of readiness, and compelling her to provide the requested authorizations. Special Term denied that branch of the motion which was to vacate the note of issue and statement of readiness but granted the request to compel the plaintiff to provide the authorizations. However, the court ordered that the records and reports in question be delivered in the first instance to the Justice presiding at Special Term for a preliminary determination of whether they concern matters which are in controversy in the action. The court directed that an *in camera* examination be conducted to be followed by such proceedings as may be appropriate to determine the relevancy of the records. In our view the court should have ordered unconditional disclosure of the records requested. Having broadly placed her physical

condition in issue, the plaintiff has waived any claim to a physician-patient privilege with respect to the records (see *Prink v Rockefeller Center,* 48 NY2d 309; *Koump v Smith,* 25 NY2d 287; *Goldstein v Kamen,* 73 AD2d 685). Accordingly, New York's liberal disclosure policy (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403) required that the defendant's request for discovery be granted (see *Myers v Schneider,* 59 AD2d 736; *Moses v Woodbury,* 54 AD2d 961). Moreover, we can discern no legitimate need for confidentiality which might otherwise make appropriate a preliminary *in camera* examination for relevancy (cf. *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 119; *Austin v Calhoon,* 51 AD2d 958; *Wood-Muller v Provident Loan Soc. of N. Y.,* 47 AD2d 514). Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.