■ In the Matter of JASMINE G., a Person Alleged to be a Juvenile Delinquent, Respondent. NEW YORK CITY DEPARTMENT OF PROBATION, Appellant. [828 NYS2d 107]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the New York City Department of Probation appeals, by permission, from an order of the Family Court, Kings County (Turbow, J.), dated August 5, 2005, which, sua sponte, directed the New York City Department of Probation to produce and provide to counsel for all parties certain materials relating to its "probation assessment tool."

Ordered that the order is affirmed, without costs or disbursements.

The New York City Department of Probation (hereinafter the Department) contends that the Family Court improvidently exercised its discretion in directing it to provide to counsel for all parties certain materials relating to its "probation assessment tool" (hereinafter PAT), which a Department witness testified was used in determining dispositional recommendations. To the extent that the Department argues that these materials cannot be disclosed because they exempt from disclosure under the public-interest privilege or under Public Officers Law § 87 (2) (e) (i), the Department failed to preserve these arguments by failing to raise them before the Family Court (see Matter of Johnson v New York City Police Dept., 257 AD2d 343, 349 [1999]).

In any event, the Department actively participated in the dispositional hearings and its testifying witness affirmatively placed the PAT materials at issue by stating that his supervisor overrode his dispositional recommendation after reviewing the juvenile's PAT score. Accordingly, the Department waived any public-interest privilege or any privilege under the Public Officers Law barring disclosure of the PAT materials (see Marten v Eden Park Health Servs., 250 AD2d 44, 47 [1998]; see generally DeStrange v Lind, 277 AD2d 344, 345 [2000]; Dale v Sherman, 75 AD2d 612, 613 [1980]).

Finally, the Department is precluded from claiming that the PAT materials were exempt from disclosure pursuant to Public Officers Law § 87 (2) (g) (iii) since the Department witness testified that the Department employees relied upon the PAT materials in reaching their conclusions as to the dispositional recommendation (see Matter of New York 1 News v Office of President of Borough of Staten Is., 231 AD2d 524, 525 [1996]).

Under the circumstances of this case, the Family Court providently exercised its discretion, after in camera review, in directing the Department to provide the PAT materials to counsel for all parties. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.