■ In the Matter of JASMINE G., a Person Alleged to be a Juvenile Delinquent, Appellant. [828 NYS2d 108]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Turbow, J.), dated November 21, 2005, which, upon a fact-finding determination of the same court, dated May 12, 2005, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon the fourth degree, and which constituted unlawful possession of a weapon by a person under the age of 16, and after a dispositional hearing, adjudicated her to be a juvenile delinquent and placed her on probation for a period of 12 months. The appeal brings up for review the fact-finding determination dated May 12, 2005.

Ordered that the order is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency, we find that it was legally sufficient to support the fact-finding determination (*see Matter of Darnell C.,* 305 AD2d 405, 406 [2003]; *Matter of Dennis G.,* 294 AD2d 501 [2002]). Contrary to the appellant's contention, the testimony of the police officer, which the Family Court credited, constituted legally sufficient evidence to satisfy the element of possession which was common to both crimes charged (*cf.* Penal Law § 265.01 [1]; § 265.05).

We note that during the course of the dispositional hearing the Family Court, sua sponte, entered an order directing the New York City Department of Probation (hereinafter the Department) to produce and provide to counsel for all parties certain materials relating to its "probation assessment tool" (hereinafter PAT). The Department appealed from the order, and in a decision and order on motion dated August 31, 2005, we granted the Department's motion to stay enforcement of the order pending hearing and determination of the appeal. While that appeal was pending, the Family Court completed the dispositional hearing and entered the instant order of disposition without the appellant having been provided with the materials relating to the PAT.

We ultimately determined in *Matter of Jasmine G.* (35 AD3d

604 [2006] [decided herewith]) that the appellant should have been provided with the materials relating to the PAT. However, it is clear from our review of those materials that, under the particular circumstances of the appellant's case, any error in failing to provide her with the materials was harmless. It is, therefore, not necessary to remit the matter to the Family Court for a new determination following the provision to the appellant of the materials relating to the PAT. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.